# COOS,

## JULY TERM, A. D. 1856.

### RUSSELL *v.* FABYAN *& a.*

A tenant under a written lease held over after its expiration; it was *held*, that after his lease expired he was a tenant at sufferance.

A tenant at sufferance, until the landlord enters upon him, is not liable to an action of trespass; but he is still answerable for any damages growing out of his interference with the property, as a disseizor would be, who is responsible for any damages occasioned by his conduct, whether willful or negligent.

An action on the case is the proper remedy for any such injury; and if the tenant has taken a lease and bond of indemnity from a third person, the latter is liable with him in such action.

When the land of a debtor is set off on execution, he has a right of redemption, which may be taken and sold, subject to a like right of redemption, and so on successively.

If the debtor has conveyed the property before any levy, by a deed, voidable by creditors, the grantee has still an interest entitling him to redeem any of these levies.

An offer to prove the deed of the plaintiff to be fraudulent as to creditors, made by a purchaser on a second levy, commenced after the making of the deed, was proper, and the evidence should have been received.

THIS is an action on the case, brought July 2, 1853. In the declaration it was alleged in substance that the defendant Fabyan, having been a tenant of a certain hotel in Carroll for a term of five years, which expired on the 20th of March, 1852, the defendants wrongfully continued to occupy the same after the

said lease expired; and so negligently and carelessly conducted and managed certain fires by them set and kept in said hotel, that on the 29th of April, 1853, the same was burned down and consumed. The defendants pleaded severally the general issue —*not guilty*.

To show title to the house described in the declaration, the plaintiff showed that the land on which it stood, together with a part of the house, were in possession of E. A. Crawford on December 12, 1837, and for many years before, and that on that day said Crawford conveyed the same to Nathaniel Abbot, who, on June 24th, 1842, conveyed the same to Daniel Burnham. Said Burnham, on the 20th of August, 1844, deeded the same hotel and land to the plaintiff. The plaintiff, on January 28, 1847, executed a lease of said hotel to the defendant Fabyan, for the term of five years from March 20, 1847, who held the same under said lease until he accepted a lease from one Dyer, as hereinafter mentioned. On the 19th of March, 1852, an agent of the plaintiff, duly authorized, call upon said Fabyan, at Conway, where he resided, and on the 20th of March called upon said Fabyan's servant, who had charge of said hotel, at said hotel, and on the 22d of March again called on said Fabyan, at Conway, and on each occasion demanded that possession of said hotel should be surrendered to the plaintiff, which was refused — said Fabyan saying that he had taken a lease from said Dyer. And it appeared that on March 19, 1852, and from that time until after said hotel was burned, said Fabyan held possession of the same by lease from said Dyer, who had also agreed to indemnify him against any suit brought against him by said Russell for rents, and from all costs, trouble and expense of any kind which might happen to him on account of his taking said lease. On April 29, 1853, said hotel, then occupied as such, took fire from some one of the stoves or fire-places used therein for cooking, or for warming the building, or from sparks from the same, and was entirely consumed.

The defendants offered the following testimony, to the competency of which the plaintiff objected: viz., a copy of a judgment

recovered by said Dyer against said Daniel Burnham, at the Court of Common Pleas for Carroll county, May term, 1848, and the execution issued thereon, with the return of satisfaction thereof, by a levy in due form of law upon said land and hotel, as the property of said Burnham. The suit was commenced May 10, 1843, and the hotel and lands attached May 16, 1843, and the set-off commenced in thirty days after judgment.

In reply to this evidence the plaintiff proved that on November 30, 1849, he tendered to said Dyer, for the redemption of said property from said levy, the sum of $5,394.50, being the amount for which the same was set off, with costs, expenses and interest, and left the same, without his consent, at said Dyer's house, the said Dyer refusing to receive it. The defendants also offered in evidence a copy of another judgment, recovered by him against said Burnham, at the Court of Common Pleas for Carroll county, May term, 1848, for $4,791,56 damages, and $20.58 costs ; which judgment was recovered in a suit founded upon said Burnham's certain notes, bearing date October 10, 1835, and the return of the seizure and sale upon said execution to the said Dyer of the right of said Burnham to redeem the said hotel from the levy before mentioned. The defendants also offered evidence for the purpose of showing that the conveyance hereinbefore mentioned, from said Burnham to said plaintiff, was fraudulent and void as against creditors, because made without consideration, and for the purpose of preventing said property from being attached for his debts. The plaintiff objected to the competency of all the foregoing evidence offered by the defendants.

It was agreed that the case should be transferred to this court for the decision of the questions of law arising in the same ; and that if this court should be of opinion that the evidence so offered by the defendants is admissible to show the said conveyance to be fraudulent, the case shall be transferred back to the Court of Common Pleas for trial If, upon the other competent evidence before stated, either party is entitled to judgment, the same shall be rendered accordingly, the damages to be assessed by a jury, if the judgment is for the plaintiff.

Russell v. Fabyan.

*H. A. Bellows*, for the defendants.

On the facts stated in the declaration, case does not lie. The wrongful holding out and kindling fires is in substance and force a trespass, if anything, being both immediate and forcible. The plaintiff cannot waive the trespass and go for the consequential damages, for, the trespass being waived, there is nothing left as a ground of recovery; 2 Greenl. Ev., sec. 226; no negligence being charged in managing the fires, and it not appearing that the plaintiff is a reversioner.

It cannot be maintained on the ground that Fabyan was tenant, for there is no such allegation, but, on the contrary, a wrongful holding. 2 Saund. 252, n. a; *Strafford* v. *Eaton*, 13 Ohio 334. If the plaintiff does seek to hold them on this ground, he cannot hold Dyer, for there is no pretence that he was tenant of the plaintiff.

If, however, Fabyan could be regarded as holding over, he is tenant at sufferance, and the plaintiff cannot recover for holding him out, until he has entered and put an end to the tenancy; for, being in by lawful right, the law will suppose that to continue. 1 Cru. Dig., tit. 9, chap. 20; and chap. 2, sec. 1, and notes; Taylor's Landlord and Tenant, sec. 64. It can be put an end to only by a notice in writing. Comp. Stat. 553, chap. 222, sec. 1, and in *Currier* v. *Perley*, 4 Foster 219; and further, as to maintaining the action, *King* v. *Goodwin*, 6 Mass. 1; *Rising* v. *Stanwood*, 17 Mass. 282; 4 Kent Com. 117; 2 Bla. Com. 150, and notes.

But supposing Fabyan to have been tenant of the plaintiff, as the plaintiff claims, and to have been properly declared against, still he could be held only on the ground of covenant to rebuild, and none is shown; 1 Bla. Com. 282; *Warner* v. *Hutchins*, 5 Barb. 666; and if there had been such covenant by Fabyan, Dyer could not have been joined in the suit, even if case in the nature of waste might have been maintained.

Taking the declaration as it stands, as undertaking to charge the defendants on the ground of being disseizors in case, we say it cannot be maintained against both; for Dyer has done no act

whereby the building was burned ; nor against Fabyan, who appears to be in under Dyer, who was claiming title in good faith, and the injury having been the result of accident and without fault. A tenant at sufferance is liable for willful waste, but not for accident. 1 Ch. Pl. 140, 141, 142 ; 2 Ch. Pl. 785, n. g, 777 ; 1 T. R. 708 ; 1 Paige 355 ; Co. Litt. 27, a, 1 ; 3 Johns. 44 ; Com. Dig., Cond. L, 12 ; 1 Saund. 322, 323 ; 1 Greenl. Cru. Dig., tit. 3, chap. 1, sec. 76, and note 4 ; Kent Com. 82 ; Co. Litt. 57, and note 377 ; 3 Bla. Com. 229, n. 7. Nor tenant at will. Greenl. Cru. Dig. 1, 244 ; 3 Bla. Com. 229, note 4 ; Kent Com. 117. No case is found where an action is held to lie in such a case as this. Cases must often arise where accidental injuries have arisen while the property was in possession of one who claimed it in good faith, but was, nevertheless, adjudged not to have the title. Such cases must be frequent in equity.

An action will not lie by a mortgagee against a third person for negligently injuring the mortgaged premises, by which he has lost his security ; but otherwise if done with intent to injure the mortgagee. *Gardner* v. *Heartt*, 3 Denio 232, and cases ; *Merrill* v. *Wilson*, 2 Harr. 443 ; 4 U. S. Dig. 41, 18.

*Lyford*, for the plaintiff, contended that the defendants having refused to surrender the premises at the termination of the plaintiff's lease to Fabyan, became liable for all the consequences following that refusal.

2. That the defendant Dyer took nothing by his sale of the equity of redemption on any execution against Burnham. Burnham having by his deed, dated August 20, 1844, conveyed the premises in fee to the plaintiff, he had no equity of redemption at any time after that conveyance. *Russell* v. *Fabyan*, 7 Foster 529.

BELL. J.* Fabyan entered into possession of the premises in question under a written lease, to continue for five years from March 20, 1847. He remained in possession until April 29,

* PERLEY, C. J., having been of counsel, did not sit.

1853, when the buildings were burned down, more than a year after the lease expired. During the interval between the 20th of March, 1852, and April 29, 1853, he was either a tenant at sufferance, a tenant at will, or a disseizor. The general principle is that a tenant who, without any agreement, holds over after his term has expired, is a tenant at sufferance. 2 Bla. Com. 150 ; 4 Kent Com. 116 ; *Livingston* v. *Tanner*, 12 Barb. 483. No act of the tenant alone can change this relation ; but if the lessor, or owner of the estate, by the acceptance of rent, or by any other act indicates his assent to the continuance of the tenancy, the tenant becomes a tenant at will, upon the same terms, so far as they are applicable, of his previous lease. *Conway* v. *Starkweather*, 1 Denio 113.

In this case there is no evidence to justify an inference of assent by the lessor to any continuance of the tenancy, but, on the contrary, very direct and conclusive evidence, in the demand of possession, to the contrary ; while the reply made to that demand by Fabyan negatives any consent on his part to remain tenant of the plaintiff. There was, then, no tenancy in fact between these parties at the time of the fire, and the defendant was consequently either a disseizor or a tenant at sufferance.

When the demand of possession was made upon Fabyan, upon the 22d of March, 1852, the demand was refused, Fabyan saying he had taken a lease of the property from Dyer. The previous demands seem to have been premature, and before the expiration of the lease, but they were refused upon the same ground as the last, and that refusal might constitute a waiver of any objection to the time of their being made.

Such a denial of the right of the lessor, though not a forfeiture of a lease for years, is sufficient to put an end to a tenancy at will, or at sufferance, if the lessor elects so to regard it ; and he may, if he so choose, bring his action against the tenant as a disseizor, without entry or notice, and may maintain against him any action of tort, as if he had originally entered by wrong. *Delaney* v. *Ga Nun*, 12. Barb. 120.

But as this result depends on the lessor's election, and nothing

appears in the present case to indicate such election, the tenant must be regarded as a tenant at sufferance.

To ascertain the liability of a tenant at sufferance for the loss of buildings by fire, it becomes material to inquire, what is the nature of this kind of tenancy ; and we have examined the books accessible to us, to trace the particulars in which it differs from the case of a party who originally enters by wrong.

All the books agree that he *retains* the possession as a wrong-doer, just as a disseizor *acquires and retains* his possession by wrong. *Den* v. *Adams*, 7 Hals. 99 ; 2 Bla. Com. 150 ; 4 Kent Com. 116. By the assent of the parties to the continuance of the possession thus wrongfully obtained or retained, the wrong is purged, and the occupant becomes a tenant at will or otherwise to the owner. 10 Vin. Ab. 416, Estate, D, C, 2.

If no such assent appears, the tenant is entitled to no notice to quit. *Jackson* v. *McLeod*, 12 Barb. 483 ; 12 Johns. 182 ; 1 Cru. Dig., tit. 9, sec. 10.

The owner may make his entry at once upon the premises, or he may commence an action of ejectment or real action. *Livingston* v. *Tanner*, 12 Barb. 483 ; *Den* v. *Adams*, 7 Hals. 99. And it makes no difference that the lessee, after his term has expired, has taken a new lease for years of a stranger rendering rent, which has been paid ; for he still remains tenant at sufferance as to the first lessor, as was held in *Preston* v. *Love*, Noy 120 ; 10 Vin. Ab. 416.

We have been able to discover but one point of difference between the case of the disseizor and the tenant at sufferance, which is that the owner cannot maintain an action of trespass against his tenant by sufferance, until he has entered upon the premises ; 4 Kent Com. 116 ; a point to which we shall have occasion further to advert.

Upon this view the liability of the defendant Fabyan, to answer for the loss by fire, which is the subject of this suit, is regulated, not by the rule applicable to tenants under contract, or holding by right, but by that which governs the case of the disseizor and unqualified wrong-doer.

By Stat. 6 Anne, chap. 31, made perpetual 10 Anne, chap. 14, (1708, 1712,) no action or process whatever shall be had, maintained or prosecuted against any person in whose house or chamber any fire shall accidentally begin. Co. Litt. 67, n. 377 ; 3 Bla. Com. 228, n. ; 1 Com. Dig. 209, Action for Negligence, A, 6. It is not necessary to consider whether this statute has been adopted here, though it is strongly recommended by its intrinsic equity, because at all events a different rule applies in this case.

The mere disseizor or trespasser, who enters without right upon the land of another, is responsible for any damage which results from any of his wrongful acts. Such a disseizor is liable for any damages occasioned by him, whether willful or negligent. He had no right to build any fire upon the premises, and if misfortune resulted from it he must bear the loss.

For this purpose the defendant Fabyan stands in the position of a disseizor.

II. Assuming that Fabyan is liable for the loss of these buildings, the question arises, whether he is liable in this form of action ; and, as we have remarked, he is not liable in trespass. Chancellor *Kent*, (4 Com. 116,) says : " A tenant at sufferance is one that comes into possession of land by lawful title, but holdeth over by wrong after the determination of his interest. He has only a naked possession, and no estate which he can transfer, or transmit, or which is capable of enlargement by release, for he stands in no privity to his landlord, nor is he entitled to notice to quit ; and, independent of the statute, he is not liable to pay any rent. He holds by the laches of the landlord, who may enter and put an end to the tenancy when he pleases. *But before entry he cannot maintain an action of trespass against the tenant by sufferance.*" 1 Cru. Dig., tit. 9, chap. 2 ;. *Rising* v. *Stanard*, 17 Mass. 282 ; *Keay* v *Goodwin*, 16 Mass. 1, 4 ; 2 Bla. Com. 150 ; Co. Litt. 57, b ; *Livingston* v. *Tanner*, 12 Barb. 483 ; *Trevillian* v. *Andrew*, 5 Mod. 384.

If, then, Fabyan is answerable at all, he must be liable to the action of *trespass on the case.* There is no evidence of any entry, and the demand of possession, whatever its other effects

Russell *v.* Fabyan.

may be, is not an entry, nor do we find it made equivalant to an entry.

The case of *West* v. *Trende*, Cro. Car. 187 ; S. C. Jones 124, 224, is a decision that case lies in such a case.

"Action upon the case. Whereas he was and yet is possessed of a lease for divers years *adtunc et adhuc ventur*, of a house, and being so possessed demised it to the defendant for six months, and after the six months expired, the defendant being permitted by the plaintiff to occupy the said house for two months longer, he, the defendant, during that time pulled down the windows, &c. Stone moved in arrest of judgment that this action lies not, for it was the plaintiff's folly to permit the defendant to continue in possession, and to be a tenant at sufferance, and not to take course for his security ; and if he should have an action, it should be an action of trespass, as Littleton, sec. 71. If tenant at will hath destroyed the house demised, or shop demised, an action of trespass lies, and not an action upon the case. But all the court conceived that an action of trespass or an action upon the case may well be brought, at the plaintiff's election, and properly in this case it ought to be an action upon the case, to recover as much as he may be damnified, because he is subject to an action of waste ; and therefore it is reason that he should have his remedy by action upon the case. Whereupon rule was given that judgment should be entered for the plaintiff."

III. It seems clear that if Fabyan is to be regarded as a wrong-doer in retaining the possession of the plaintiff's property after his lease had expired, all who aided, assisted, encouraged or employed him to retain this possession, must be regarded as equally tort-feasors, and equally responsible for any damage resulting from his wrongful acts. No more direct act could be done to encourage a tenant in keeping possession, than that of leasing to him the property, unless it was that of giving him a bond of indemnity, such as is stated in this case. In wrongs of this class all are principals, and the defendant, Dyer, must be held equally responsible with Fabyan ; and it seems clear that as Dyer could justify in an action of trespass under the authority

of Fabyan, so as, like him, not to be liable in that action, he must be liable with him in an action upon the case.

Whether the allegations of the declarations are suitable to charge either of the defendants, we have not considered, as the court have not been furnished with a copy.

IV. The case of *Russell* v. *Fabyan*, 7 Foster 529, is not to be regarded as a decision of the question raised in this case, in relation to the sale of a supposed right of redemption as belonging to Burnham, after the first levy made upon the property. It was there held, upon the facts appearing in that case, that independent of the question of fraud in Burnham's deed to Russell, all Burnham's right of redeeming the levy, which might be made upon the attachment subsisting at the time of the deed, and of course good against it, passed to Russell. Upon this point there can be no question, and none is suggested. The question then arose, whether, if Russell's deed was proved to be fraudulent as to the creditors of Burnham, the right of redemption did not pass to Dyer by the sale on his second execution, so as to invalidate the tender made by Russell. This question might have been met and decided, but the case did not require it. It was held that whether Russell's title was good or bad, Fabyan, as his tenant, could not dispute it. He could be discharged from his liability to pay his rent, which was the subject of that action, only by an eviction by the lessor, or by some one who had a paramount title to his ; a mere outstanding title not put in exercise is not a defence. The defendant relied on an eviction on the 14th of June, 1848, as his defence. The sale of the right of redemption was made on the 31st of July following, and after that date there was no eviction, so that the attempt there was merely to show an outstanding but dormant title, which it proved would be no defence. And the court took the ground that Fabyan stood in no position to raise a question as to the validity of Russell's title, except so far as the opposing title was the occasion of some disturbance of his estate. So far as the principles stated in that case are concerned, they appear to us sound and unanswerable. Whether, if the case had taken a different

form, the result would have been in any degree different, it is not necessary to enquire.

By our statute, every debtor whose land or any interest in land is sold or set off on execution, has a right to redeem by paying the appraised value, or sale price, with interest, within one year. Rev. Stat., chap. 195, sec. 13; chap. 196, sec. 5; (Comp. Stat. 501, 502.) This right to redeem is also subject to be levied upon and sold, as often as a creditor supposes he can realize any part of his debt by a sale, until some one of the levies or sales becomes absolute. But these sales have each inseparably connected with them the right of redemption. If the debtor has parted with his title before the levies are made while the property is under an attachment, that right of redemption is vested in his grantee, who, being the party interested, (Rev. Stat., chap. 196, sec. 14,) may redeem any sale or levy, if he pleases; the effect of his payment or tender for this purpose being of course dependent upon the state of facts existing at the time.

So, if there is no attachment upon the property at the time of the debtor's conveyance, but his creditors levy upon the property, upon the ground that his conveyance was not made in good faith, and upon an adequate consideration, and so is fraudulent and void as to them, the effect is the same. Any creditor may levy his execution upon the right of redemption of any prior levy or sale, the deed of the debtor being without legal operation to place either the property itself or any interest in it out of the reach of his process. And the right of redemption, so long as it retains any value in the judgment of any creditor, remains liable to his levy; but when the creditors have exhausted their legal remedies, the right of redemption, necessarily incident to every levy on real estate, still remains, and it is the right not of the debtor, but of his grantee, who may exercise it at his pleasure.

This we conceive was the position of the present case. The first levy by Dyer being founded on his attachment, took precedence of Russell's deed; but Russell had still the right to redeem

as grantee of Burnham, whether his deed was valid as to creditors or not.   When the right of redeeming the first levy was sold, on the ground that the deed to Russell was fraudulent and invalid, a right of redemption still remained to Russell, and he had a right, as a party interested in the land, to pay or tender the amount of the first levy to Dyer, and so to discharge it.   By that payment or tender it was effectually discharged, whatever might be the rights or duties of Dyer, or Russell, or any one else, growing out of the sale of the right of redemption upon Dyer's second  execution, which, being founded upon no attachment, was *prima facie* a nullity as to  Russell, and was dependent for its effect upon  the evidence that might be offered, showing Russell's deed void as to creditors.

The  present case stands free from any question growing out of the  relation of landlord and  tenant, as that  relation is not alleged, and  the lease of Russell  had  expired, and Dyer had never stood in that relation.   The  evidence offered that  Burnham's deed  to  Russell was fraudulent as to  his creditors, is not open to  any objection of that kind, which was held decisive in 7 Foster.   If the facts warrant that defence, the  evidence is competent ; and if it should be shown that the deed  to Russell was  void  as to  creditors, and  Dyer was one of that class, his second levy was  good, if properly made, and  the  title  to these premises passed to him, subject to his prior and  any subsequent levy, and  to Russell's right of  redemption.

As the  offer of the  defendant to  prove Burnham's deed  to Russell to  be  fraudulent and void  as to creditors, and  as to the defendant, Dyer, as one of them, was refused, there must be

*A new trial.*