WEEKS *v.* SLY.

If a tenant refuses to leave at the expiration of the time fixed in a notice to quit, the lessor may peaceably remove the tenant's goods, doing no unnecessary damage.

Service of a notice to quit may be shown by the evidence of any one having knowledge of the fact.

TRESPASS *qu. cl. et de bonis asportatis.* Plea, the general issue, with a brief statement that the goods mentioned were unlawfully incumbering the defendant's premises, wherefore he removed them, doing no unnecessary damage. Facts found by a referee. The plaintiff entered into the occupation of a part of a house belonging to the defendant, September 16, 1878, and remained in its occupation till October 11, 1879, when, the rent being due and in arrear, the defendant served upon him notice to quit the premises on the 21st day of October, 1879. The plaintiff did not quit, but remained in possession until November 8, 1879, when the defendant removed the property specified in the writ from the premises, and placed it in the door-yard, doing no unnecessary damage. The property remained in the door-yard about three weeks, when it was removed by the plaintiff. In the meantime it was considerably damaged by the weather.

The plaintiff objected before the referee that the only way in which service of notice could be shown was by copy of the notice with the (return) thereon of the person serving the same. The referee held that any evidence showing that a notice in writing was given to the tenant was sufficient and competent; and the plaintiff excepted. The referee found the defendant not guilty.

The court ordered judgment on the report for the defendant, and the plaintiff excepted.

*S. B. Page*, for the plaintiff.

*G. F. Putnam*, for the defendant.

SMITH, J. The plaintiff's occupancy was a tenancy at will, no different contract being shown. G. L., c. 250, s. 5. The rent was due and in arrear October 11, 1879, and no point is made that it was not demanded before service of the notice. Seven days' notice was therefore sufficient to terminate the tenancy, and after the time fixed in the notice the plaintiff was a trespasser. His goods were *damage feasant*, and the defendant had a right to enter and remove them to a convenient distance, without breach of the peace, doing them no unnecessary damage. *Whitney* v. *Swett*, 22 N. H. 10, 13. A tenant who holds over after the determination of his tenancy, being a trespasser, or at most a mere tenant at sufferance, cannot maintain trespass *qu. cl.* against his landlord who enters and dispossesses him. After the determination of his tenancy, he has no legal right of possession on which to found his action. This will be apparent from an examination of the pleadings, when the landlord pleads *liberum tenementum*. The tenant must then reply a tenancy under the defendant, or traverse the plea, neither of which can he do, or state a title superior to the defendant's. Nor can he reply *de injuria* alone, except when the defence set up is matter of excuse instead of justification. *Sterling* v. *Warden*, 51 N. H. 217, 232, and cases cited; *State* v. *Morgan*, 59 N. H. 322, 325;—see, also, *Hyatt* v. *Wood*, 4 Johns. 150, 159; *McDougall* v. *Sitcher*, 1 Johns. 44; *Sampson* v. *Henry*, 13 Pick. 36; *Meader* v. *Stone*, 7 Met. 147; Taylor L. & T., s. 532; *Taunton* v. *Costar*, 7 T. R. 431; *Miner* v. *Stevens*, 1 Cush. 485: *Pratt* v. *Farrar*, 10 Allen 521.

The statute provides that the lessor may terminate the tenancy by giving to the tenant a notice in writing. The notice is not a process issuing out of court directed to an officer and to be served by him. Service may be made by any one whom the lessor may authorize, and may be shown by any one who has knowledge of the fact. 2 Gr. Ev., s. 322. The evidence of the person making the service, given in court in a suit between the parties, with an opportunity to the tenant for cross-examination, is competent evidence to prove the fact of service. Whether an *ex parte* affidavit

on a copy of the notice would be competent evidence, we have no occasion to inquire. It might appear, if the affiant were produced in court and cross-examined, that the service was defective.

*Exceptions overruled.*

All concurred.