238

Strafford,
No. 6396.

CITY OF DOVER

*v.*

B C P REALTY.

June 30, 1972.

*Anthony A. McManus,* city attorney, by brief and orally, for the city of Dover.

*Beamis & Davis (Mr. Glenn G. Davis* orally) for defendant, B C P Realty.

LAMPRON, J.   The issue is whether a landlord who failed to supply heat and water to the apartment of a tenant after the expiration of a notice to quit the premises can be found guilty of violations of the Housing Ordinance of the City of Dover. Defendant was found guilty in the Dover District Court. Upon appeal therefrom to the superior court defendant filed a motion to dismiss. The Court (*Morris,* J.) upon an agreed statement of facts reserved and transferred to this court, without ruling, all questions of law raised thereby.

Defendant contends that after the expiration of the time to quit the premises stated in the notice there was no longer

any landlord and tenant relationship between it and the occupant which is required for the ordinance to apply. The notice to quit did terminate the existing tenancy at will but the holdover occupancy of the tenant who had come into possession of the apartment lawfully gave rise to a tenancy at sufferance. *Weeks* v. *Sly,* 61 N.H. 89 (1881); *Warehouse Distrib.* v. *Prudential Storage & Van Corp.,* 208 Va. 784, 161 S.E.2d 86 (1968); Restatement of Contracts *s.* 22 (1932). In other words, even though the former tenancy at will was terminated as of February 5, 1971, occupancy of the premises continued. 51C C.J.S. Landlord and Tenant *s.* 183 (1968). The tenant was still occupying the apartment on February 23, 1971, when she returned to it and found that in her absence the heat and water had been turned off. It is defendant's failure to provide heat and water on that day, even after it was requested to do so by the housing inspector, which is the subject of the complaint on which the defendant was found guilty.

RSA 48-A:1(III) indicates by its terms that the type of housing intended to be regulated is any building "used and occupied for human habitation." Section 3.1 of the Dover Ordinance reads "[n]o person shall occupy or let to another for occupancy any dwelling" without complying with requirements relating to basic equipment and facilities. Section 3.2 states "No person shall occupy as owner-occupant or shall let to another for occupancy any dwelling" without complying with minimum standards relating to ventilation, light, heating and screening. It is clear that it is not the landlord and tenant relationship but the use or occupancy of a dwelling which is intended to be regulated. Consequently we cannot accept the construction of the ordinance advanced by the defendant that it becomes inoperative at the expiration of the notice to quit even though the tenant is thereafter occupying the premises as a dwelling. *See Exeter Realty Corp.* v. *Buck,* 104 N.H. 199, 201, 182 A.2d 469, 471 (1962). Such an interpretation would clearly frustrate the effectiveness of the Dover Housing Ordinance as a means of insuring that dwellings in the city meet certain minimum standards to make them fit for human habitation. *See Edwards* v. *Habib,* 397 F.2d 687, 689 (D.C. Cir. 1968); *Dickhut* v. *Norton,* 45 Wis. 2d 389, 397, 173 N.W.2d 297, 301 (1970).

This court stated in *Dover Housing Board* v. *Colbath,* 106 N.H. 481, 483, 213 A.2d 923, 925 (1965), that the general purpose of RSA ch. 48-A was to impose housing standards for dwellings. We stated in *Kline* v. *Burns,* 111 N.H. 87, 91, 276 A.2d 248, 251 (1971), that it granted "to municipalities the power to establish and enforce minimum standards for use and occupancy of dwellings." The interpretation we place on the Dover Ordinance that it is intended to protect the occupants of dwellings cannot be construed as an "ex post facto" judicial interpretation as contended by the defendant. 1 Antieau, Modern Constitutional Law *s.* 5:140 (1969).

We hold that the provisions of the Dover Housing Ordinance in question were applicable on February 23, 1971, when the violations alleged in the complaint against the defendant took place.

*Remanded.*

GRIMES, J., dissented; the others concurred.

GRIMES, J., dissenting:

In this case the tenant was in arrears in her rent. On January 28, 1971, she was given a notice to quit by a deputy sheriff, notifying her to vacate the premises on February 5, 1971. There is no claim that this notice did not comply with RSA 540:2 and 3. The occupant did not vacate the premises on or before February 5 but was still occupying them on February 23. On this date defendant stopped supplying heat and water to the premises and this gave rise to the complaint. The legislature says that the tenancy and thus the right of occupancy was terminated on February 5, 1971. RSA 540:2. The court says that nevertheless while the occupant was living there without right, rent free and refusing to move, the owner was required to pay out his money to furnish her with heat and hot and cold water.

In my view the Dover Ordinance applies only when there is a landlord-tenant relationship and since that relationship was terminated in the way provided by the legislature I would hold that all obligations to provide services to the former tenant ceased. It seems to me that to construe the ordinance

otherwise raises serious constitutional issues if the owner is required to supply services without compensation.

The court states that the occupant was a tenant at sufferance after February 5. But *Weeks* v. *Sly,* 61 N.H. 89 (1881), states that she was a trespasser or at most a tenant at sufferance. Whatever difference there is between a trespasser and a tenant at sufferance she had no rights in the premises and had no right to occupy them. *Weeks* v. *Sly supra; Sterling* v. *Warden,* 51 N.H. 217 (1871); *Whitney* v. *Swett,* 22 N.H. 10 (1850).

It is time consuming to obtain possession under RSA ch. 540, and weeks may elapse before possession can be obtained. Under today's decision the owner will be required during all this time under pain of criminal prosecution to purchase heat and hot and cold water for an occupant who has no legal right to remain in his premises.

We are not concerned however with the means of regaining possession which is a matter between the owner and the occupant. We are here concerned solely with the narrow issue of whether an owner can be held criminally liable for violating the housing ordinance here involved for failing to provide services during a time when a tenancy relationship no longer exists. There is no claim that the premises did not meet all the requirements of the ordinance "at the inception of the rental" and "during the entire term" of the tenancy. *Kline* v. *Burns supra.* It was only after the termination of the tenancy under RSA 540:2 and after the occupant had continued to occupy the premises free for 18 days thereafter that defendant decided not to furnish at its expense the heat and water to supply the premises. I would hold that the ordinance by its own terms does not apply to this situation.

I conclude, therefore, that under the undisputed facts in this case, the motion to dismiss should be granted.