Belknap
No. 83-368

JOYCE A. HILL

v.

CHRISTOPHER J. DOBROWOLSKI

October 5, 1984

*Murphy, McLaughlin & Hemeon P.A.*, of Laconia (*Philip T. McLaughlin* on the brief, and *Matthew J. Lahey* orally), for the plaintiff.

*Charles W. Chandler*, of Tilton, by brief and orally, for the defendant.

SOUTER, J.   The plaintiff brought this action against the defendant for trespass and for violation of RSA 540-A:3, II, III, and IV (Supp. 1983), restricting a landlord's rights against a tenant of residential property in the absence of consent or judicial authorization. The Superior Court (*Cann*, J.) granted defendant's motion to dismiss. The plaintiff appeals the dismissal of the count for statutory violations. We reverse.

In addressing the motion to dismiss, the parties and the trial court considered facts outside the pleadings. The record before us indicates that the following facts may be taken as true for the purposes of this appeal.

The plaintiff and her former husband executed a written purchase and sale agreement with the defendant. It provided for the conveyance of a house and land to the defendant, subject to the plaintiff's right to occupy the house for two days after the passage of title. After the second such day the plaintiff continued to occupy the property despite the defendant's demands that she vacate it. When the plaintiff was away from the house, the defendant entered without permission from the plaintiff or the authority of a court order. He removed the plaintiff's property and changed the locks on the

doors. The parties agree that the plaintiff was a tenant at sufferance at the time of the defendant's entry.

The motion to dismiss raised an issue of statutory interpretation. The statute immediately involved is RSA chapter 540-A (Supp. 1983). It regulates the relationship between landlords and tenants of "residential" premises, *id.* § 1, I and II, used for "living or storage," *id.*, III. It defines a landlord as one who "rents or leases," *id.*, I, and a tenant as one "to whom a landlord rents or leases" such property, *id.*, II.

RSA 540-A:2 (Supp. 1983) generally forbids a landlord to "attempt to circumvent lawful procedures for eviction pursuant to RSA 540." The following section, RSA 540-A:3 (Supp. 1983), forbids a series of specific acts, including willfully denying a tenant "access to and possession of" the rented or leased premises without "proper judicial process," *id.*, II; willfully seizing a tenant's property without "proper judicial process," *id.*, III; and willful entry without consent, except to make emergency repairs, *id.*, IV. Damages may be awarded for violations of the specific prohibitions against self-help. RSA 540-A:4, I (Supp. 1983).

In support of his motion to dismiss, the defendant argues that the specific prohibitions do not apply to him. He argues that the statute does not apply when the relation between the landlord and tenant is one known as a tenancy at sufferance. Since the parties agree that the relationship between them was a tenancy at sufferance, our only question is whether the defendant is correct that the prohibitions of RSA 540-A:3 (Supp. 1983) do not apply in the case of such a tenancy. We begin by considering the characteristics of that tenancy and the ways it can arise.

A tenancy at sufferance has been described generally as "'an interest in land which exists when a person who had a possessory interest in land by virtue of an effective conveyance, wrongfully continues in the possession of the land after the termination of such interest, but without asserting a claim to a superior title.'" 2 R. POWELL, THE LAW OF REAL PROPERTY (Rohan rev. ed. 1983) § 259, at 396.3 (quoting RESTATEMENT OF PROPERTY § 22 (1936)).

For purposes of the statutory interpretation on which this case turns, it is important to note two different ways in which a tenancy at sufferance can be created. First, it can result from circumstances having nothing to do with a rental or lease agreement that customarily creates the relationship of landlord and tenant. A grantor who remains in possession after conveyance and without the agreement of the grantee is a tenant at sufferance. 3 G. THOMPSON, COMMENTARIES ON THE MODERN LAW OF REAL PROPERTY § 1023, at

60 (Grimes replacement ed. 1980). Second, a tenancy at sufferance can follow the termination of a conventional leasehold relationship. A "tenant who, without any agreement, holds over after his term has expired, is a tenant at sufferance." *Russell v. Fabyan*, 34 N.H. 218, 223 (1856). So is a former tenant at will who remains after the effective date of a notice to quit. *See Dover v. BCP Realty*, 112 N.H. 238, 293 A.2d 599 (1972).

Whatever the source of such a tenancy, at common law it was somewhat misleading to describe the relationship as one between a landlord and a tenant. A tenancy at sufferance has been described as not a "tenancy in fact," *Russell v. Fabyan, supra* at 223, and lacking in privity between landlord and tenant. *Dover v. BCP Realty supra.* At common law no action for trespass to land or goods would lie against the landlord who entered and removed goods of a tenant whose prior tenancy had been converted to a tenancy at sufferance. *Weeks v. Sly*, 61 N.H. 89 (1881). Thus, at common law the defendant would not have been liable for the actions alleged in this case.

Consequently, another way of posing the question of statutory construction now before us would be to ask whether the enactment of RSA chapter 540-A (Supp. 1983) removed the landlord's common law right to self-help in evicting a residential tenant whose tenancy at sufferance was preceded by a different leasehold tenancy. As we previously have held, "we will not construe a statute as abrogating the common law unless the statute clearly expresses such an intention." *Cooperman v. MacNeil*, 123 N.H. 696, 700, 465 A.2d 879, 882 (1983); *Wisniewski v. Gemmill*, 123 N.H. 701, 705–06, 465 A.2d 875, 878 (1983).

We find expression of this intent in RSA 540-A:2 (Supp. 1983), which generally prohibits a residential landlord from attempting "to circumvent lawful procedures for eviction pursuant to RSA 540." RSA chapter 540, in turn, expressly provides procedures for terminating tenancies at sufferance. RSA 540:2 provides that "[a]ny lessor or owner of lands or tenements may . . . determine any . . . tenancy at sufferance, by giving to the tenant or occupant a notice in writing to quit the same . . . ." Therefore, when RSA 540-A:2 (Supp. 1983) forbids a residential landlord to attempt to circumvent the eviction procedures under RSA chapter 540, it is clearly forbidding landlords to use self-help to evict tenants at sufferance.

Since a statute must be read as a whole, *Bilodeau v. Antal*, 123 N.H. 39, 455 A.2d 1037 (1983), we must interpret the remainder of RSA chapter 540-A (Supp. 1983) to refer likewise to residential

tenancies at sufferance in the absence of any indication that the legislature intended a different result. We find no such indication in the statute.

■ A further consideration that persuades us that the legislature intended the statute to apply in situations like this is found in the legislative history of the statute. In the Senate, the object of the statute was described as curbing abuses by "slumlords." N.H. SEN. JOUR. 1497 (1979). Though we do not have any statistics before us, it is unlikely that the statute would have a significant effect on "slumlords" if it did not apply to tenancies at sufferance that follow other leasehold tenancies. As we have noted, a tenancy at will becomes a tenancy at sufferance on the effective date of a notice to quit. *See Dover v. BCP Realty supra.* It is probable that a significant proportion of the tenancies in buildings owned by "slumlords" are tenancies at will. These must all have become tenancies at sufferance by the time an eviction would be lawful. If the statute did not apply to such evictions, it would not apply to a significant segment of the very cases the legislature intended to reach. We therefore conclude that the legislature intended the specific prohibitions of section 3 to apply to landlords with premises subject to tenancies at sufferance that have followed on the termination of other leasehold tenancies.

■ We take care to note that the prohibitions of RSA 540-A:2 and :3 (Supp. 1983) do not apply in the case of every tenancy at sufferance. As we have noted, the statute applies only to tenancies of residential property. But it also applies only to tenancies that have resulted from lease or rental agreements. We infer this from the terms of the statute's definitions: a "landlord" under the statute is one who "rents or leases," RSA 540-A:1, I (Supp. 1983); a "tenant" is one "to whom a landlord rents or leases," *id.*, II; and "premises" under the statute are defined as those that have been subject to a "rental or lease agreement," *id.*, III. These terms make it clear that the provisions of the chapter would not apply in cases of a tenancy at sufferance arising outside of the rental or leasehold context. It would not apply when a seller of property merely holds over after conveyance and without agreement. *Cf.* RSA 540:2.

■ In applying these conclusions to the facts assumed on the motion to dismiss, the issue turns on a matter of two days. The provision of the purchase and sale agreement allowing the plaintiff to occupy the premises for two days after the closing and passage of title was a provision for a two-day lease. The plaintiff was not in the position of a seller who merely remained on the property without agreement.

The tenancy at sufferance that followed the terms of the very short lease was therefore a tenancy of leased premises within the meaning of RSA 540-A:3 (Supp. 1983). For the same reasons, the plaintiff was a tenant and the defendant a landlord within the meaning of the same provision. With respect to the count pleading a violation of the statute, therefore, the motion to dismiss must be denied.

*Reversed.*

All concurred.