Littleton Family Division
No. 2006-785

IN THE MATTER OF AMY ALDRICH AND RYAN GAUTHIER

Argued: June 20, 2007
Opinion Issued: August 22, 2007

*Carter Law Office*, of Lancaster (*George C. Carter* on the brief and orally), for the petitioner.

*Gillian Morrison*, of Littleton, on the brief and orally, for the respondent.

DALIANIS, J. The respondent, Ryan Gauthier, appeals a final domestic violence restraining order of the Littleton Family Division (*Cyr*, J.). We reverse.

The following appears in the record: The petitioner, Amy Aldrich, filed a petition for a domestic violence restraining order against the respondent, with whom she had been in a relationship for more than five years, and

with whom she had a child. Her petition principally alleged that she was having disputes with the respondent's mother, who was not named as a respondent in the petition.

While nowhere in the petition did the petitioner allege that the respondent had threatened to kill her, at the hearing she testified that the respondent had stated: "if I ever tried to take [the child] from him, then he would kill me." The respondent's counsel objected, arguing that such a threat was not alleged in the petition. The trial court overruled the objection.

In granting the restraining order, the trial court specifically relied upon the petitioner's testimony concerning the death threat, as follows: "This Court finds that there has been abuse within the meaning of RSA 173-B:1, Criminal Threatening. This Court finds that the defendant has threatened to kill the plaintiff." The respondent sought reconsideration, which was denied. This appeal followed.

The respondent argues that, pursuant to RSA 173-B:3, I (2002), notice was required of an allegation of a death threat before the petitioner could testify to such a threat and that the court erred in allowing this testimony. The petitioner counters that under RSA 173-B:3, VIII (2002), the trial court has broad discretion to admit evidence it deems relevant and material, and that the alleged death threat was material and relevant evidence which could be admitted regardless of whether it was alleged in the petition. RSA 173-B:3, I, states: "Notice of . . . the facts alleged against the defendant shall be given to the defendant. . . ." The petition may be supplemented or amended "only if the defendant is provided an opportunity prior to the hearing to respond to the supplemental or amended petition." RSA 173-B:3, I. On the other hand, RSA 173-B:3, VIII states: "In any proceeding under this chapter, the court shall not be bound by the technical rules of evidence and may admit evidence which it considers relevant and material." RSA 173-B:3, VIII.

The interpretation of a statute is a question of law, which we review *de novo*. *In the Matter of Sarvela & Sarvela*, 154 N.H. 426, 429 (2006). We are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole. *Id.* We first examine the language of the statute, and, where possible, we ascribe the plain and ordinary meanings to the words used. *Id.* When the language of a statute is clear on its face, its meaning is not subject to modification. *Id.* We will neither consider what the legislature might have said nor add words that it did not see fit to include. *Id.*

■ Under the plain terms of the statute, facts alleged against the defendant must be supplied in advance of the hearing on the petition.

Should the need arise to supplement or amend the petition to modify the facts alleged, this, too, must be done prior to the hearing so that the defendant has an opportunity to respond.

We do not construe statutes in isolation; instead, we attempt to do so in harmony with the overall statutory scheme. *Soraghan v. Mt. Cranmore Ski Resort*, 152 N.H. 399, 405 (2005). When interpreting two or more statutes that deal with a similar subject matter, we construe them so that they do not contradict each other, and so that they will lead to reasonable results and effectuate the legislative purpose of the statutes. *Id.*

RSA 173-B:3, VIII must be read in harmony with RSA 173-B:3, I. The trial court's power to admit evidence under RSA 173-B:3, VIII is limited by the notice requirement of RSA 173-B:3, I. RSA 173-B:3, I, sets the contours of the hearing contest. The trial court has broad discretion to admit evidence it deems "relevant and material" pertaining to facts alleged pursuant to RSA 173-B:3, I, but it should not admit evidence on unnoticed charges.

*Reversed.*

BRODERICK, C.J., and DUGGAN, GALWAY and HICKS, JJ., concurred.