NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports.  Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

9th Circuit Court–Nashua District Division
No. 2017-0195


NATALIE ANDERSON

v.

ADAM ROBITAILLE

Submitted:  November 13, 2018
Opinion Issued:  March 8, 2019


Natalie Anderson, self-represented party, by brief.


Stokes Wagner, ALC, of Atlanta, Georgia (Karl M. Terrell on the brief), and Snow Law Office, of Nashua (R. Brian Snow on the brief), for the defendant.


HICKS, J.  The plaintiff, Natalie Anderson, appeals the Circuit Court's (Moore, J.) entry of judgment in favor of the defendant, Adam Robitaille, on her petition seeking damages and other relief pursuant to RSA chapter 540-A.  See RSA ch. 540-A (2007 & Supp. 2018).  The primary issue on appeal is whether the plaintiff and her husband were "tenants" entitled to remedies under that chapter.  The trial court concluded that they were not "tenants," and, thus, were not entitled to RSA chapter 540-A remedies.  We affirm.

We briefly recite the facts necessary to decide this appeal.  The defendant is the general manager of the Homewood Suites by Hilton (Homewood) hotel in

Nashua.  Homewood is a branded product of Hilton Worldwide, Inc. and is an all-suite residential-style hotel.  Individuals may stay at Homewood for durations of any length, including extended stays.

In November 2015, the plaintiff and her husband began residing at Homewood.  According to the plaintiff, she and her husband shared a full-size apartment with a fully-equipped kitchen, a separate bedroom, separate bathroom, spacious living room, and a dining area.  They were charged $84 per night plus tax for the unit.  Their stay was originally intended to last approximately one year.  The plaintiff asserts that their stay was extended until May 2017.

According to the plaintiff, on or about January 4, 2017, the defendant informed her by e-mail that her stay would not be extended past January 6.  The plaintiff contends that the deadline was later extended to January 10.  She asserts that she and her husband were told that if they did not leave on January 10, the police would be called.

The plaintiff brought the instant petition under RSA chapter 540-A on January 9, requesting, in addition to statutory damages, that the trial court enjoin the defendant from ejecting her and her husband from their residential unit.

The defendant filed a motion to dismiss the plaintiff's action, to which she objected.  Both parties appended to their pleadings documentary evidence to support their assertions.  At a January 18 hearing, the parties agreed that the dispositive issue before the court was whether the plaintiff and her husband were "tenants" entitled to remedies under RSA chapter 540-A.  They further agreed that the court could decide the matter based upon the parties' pleadings.  The trial court found in favor of the defendant, concluding that the plaintiff and her husband were not "tenants" entitled to RSA chapter 540-A remedies.  The plaintiff unsuccessfully moved for reconsideration, and this appeal followed.

Resolving the plaintiff's appeal requires that we engage in statutory interpretation.  We review the trial court's statutory interpretation de novo.  See State v. Exxon Mobil Corp., 168 N.H. 211, 223 (2015).  In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole.  Conduent State & Local Solutions v. N.H. Dep't of Transp., 171 N.H. ___, ___ (decided Oct. 16, 2018) (slip op. at 5).  We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning.  Id.  Moreover, we do not consider words and phrases in isolation, but rather within the context of the statute as a whole.  Id.  This enables us to better discern the legislature's intent and to interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme.  Id.

2

We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. Absent an ambiguity, we will not look beyond the language of the statute to discern legislative intent. Id. We also construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result. Id. However, we do not construe statutes in isolation; instead, we attempt to construe them in harmony with the overall statutory scheme. In the Matter of Aldrich & Gauthier, 156 N.H. 33, 35 (2007).

RSA chapter 540-A "regulates the relationship between landlords and tenants of 'residential' premises." Hill v. Dobrowolski, 125 N.H. 572, 574 (1984). It defines a landlord as one who "rents or leases," and a tenant as one "to whom a landlord rents or leases," such property. Id. (quotations omitted); see RSA 540-A:1, I-II (2007). RSA 540-A:2 generally prohibits a landlord from "willfully violat[ing] a tenant's right to quiet enjoyment of his tenancy" and from willfully "attempt[ing] to circumvent lawful procedures for eviction under RSA [chapter] 540." RSA 540-A:2 (2007). RSA 540-A:3 "forbids a series of specific acts," such as "willfully denying a tenant access to and possession of the rented or leased premises without proper judicial process." Hill, 125 N.H. at 574 (quotations omitted); see RSA 540-A:3, II (2007).

RSA 540-A:4 affords a tenant the right to seek injunctive relief and damages for a landlord's violation of RSA 540-A:2 or :3. See RSA 540-A:4 (Supp. 2018). A tenant may also be able to assert a claim under RSA chapter 540-A as a defense or counterclaim to a landlord's summary possessory action brought under RSA chapter 540. See Liam Hooksett, LLC v. Boynton, 157 N.H. 625, 629-30 (2008); see also RSA 540:13-a (2007) (providing that, "[e]xcept in cases in which a tenant owes the landlord the equivalent of one week's rent or more," it is a defense to a possessory action that the action was in retaliation for the tenant initiating an action pursuant to RSA chapter 540-A in good faith or reporting a violation or what the tenant in good faith believes is a violation of RSA chapter 540-A). RSA chapter 540-A and RSA chapter 540 are, thus, part of the same overall statutory scheme.

Because they "deal with a similar subject matter," we must construe RSA chapter 540-A and RSA chapter 540 "so that they do not contradict each other, and so that they will lead to reasonable results and effectuate the legislative purpose of the statutes." In the Matter of Aldrich & Gauthier, 156 N.H. at 35. Accordingly, when determining who is a "tenant" for the purposes of RSA chapter 540-A, we cannot confine our review to the definition in that chapter, but must examine the definition in RSA chapter 540 as well.

RSA 540:1-a, IV provides that "[t]he term 'tenant' or 'tenancy' shall not include occupants or occupancy" in certain places and that the provisions of RSA chapter 540 shall not apply to those places. RSA 540:1-a, IV (Supp.

2018).  Such places include "[r]ooms in hotels, motels, inns, tourist homes and other dwellings rented for recreational or vacation use."  RSA 540:1-a, IV(b).

The trial court found that Homewood "conducts its daily business comparable to any major hotel-branded organization," including such things as having a front desk at which guests can check in and providing fully-furnished rooms, linens and towels, daily room cleaning, onsite maintenance, and onsite security personnel.  In light of those factual findings, which the plaintiff does not challenge and the record supports, we agree with the trial court that, because the plaintiff and her husband lived in a residential unit in a hotel, they were not "tenants" entitled to remedies under RSA chapter 540-A.

In arguing for a contrary result, the plaintiff asserts that, although Homewood has "characteristics of a hotel," it is not a hotel because it does not "act and behave like a traditional hotel in every way."  She contends that Homewood is, instead, a "hybrid" because its guests include travelers who stay for short durations and those who stay for extended durations.  According to the plaintiff, RSA 540:1-a, IV(b) exempts only "traditional" hotels from the purview of RSA chapter 540.  The plain meaning of the statutory language does not support these arguments.  RSA 540:1-a, IV(b) exempts from the terms "tenant" and "tenancy" occupants and occupancy in rooms in all hotels, not just those that the plaintiff terms "traditional" hotels.

Alternatively, the plaintiff contends that in determining whether her occupancy constituted a "tenancy," even in a facility that RSA 540:1-a, IV(b) specifically excludes from that term, we must examine "the totality of the circumstances."  Here, she asserts, the totality of the circumstances supports a determination that she and her husband were "tenants," notwithstanding the fact that they lived in a hotel.  She argues, in effect, that RSA 540:1-a, IV(b) does not establish "a categorical exemption for all dwelling units described therein."  We disagree.

The plain language of RSA 540:1-a, IV(b) does not allow for the case-by-case determination the plaintiff urges us to conduct.  RSA 540:1-a, IV provides that "[t]he term 'tenant' or 'tenancy' shall not include occupants or occupancy" in "[r]ooms in hotels." (Emphasis added.)  "The use of the word 'shall' indicates a legislative mandate."  Appeal of Lake Sunapee Protective Ass'n, 165 N.H. 119, 127 (2013).

The plaintiff next argues that, even if RSA 540:1-a, IV(b) does establish "a categorical exemption for all dwelling units described therein, the exemption does not apply" here because she and her husband did not rent their "unit at Homewood for recreational or vacation use."  She contends that the phrase "rented for recreational or vacation use" modifies all of the terms in RSA 540:1-a, IV(b).  In other words, she asserts that the phrase "rented for recreational or vacation use" modifies the specific dwellings listed ("[r]ooms in hotels, motels,

4

inns, tourist homes"), as well as the phrase "other dwellings."  RSA 540:1-a, IV(b).  Thus, she argues, RSA 540:1-a, IV(b) exempts from "[t]he term 'tenant' or 'tenancy'" occupants or occupancy in "[r]ooms in hotels, motels, inns, tourist homes" <u>only</u> when they are "rented for recreational or vacation use."  She asserts that when, as in this case, such rooms are rented for residential use, the terms "tenant" and "tenancy," and thus the procedures under RSA chapter 540, apply.

We think that the more common-sense interpretation of RSA 540:1-a, IV(b) is that "rented for recreational or vacation use" modifies only the phrase "other dwellings" and does not modify the specific dwelling units enumerated in the statute ("[r]ooms in hotels, motels, inns, tourist homes").  <u>See</u> <u>Merrill v. Great Bay Disposal Serv.</u>, 125 N.H. 540, 542-43 (1984).  We base this conclusion on ordinary rules of grammar pursuant to which a modifying phrase should be placed next to the term it modifies.  <u>See</u> <u>State v. Balch</u>, 167 N.H. 329, 336 (2015) (explaining that, generally, "we apply the ordinary rules of grammar and common usage to assist us in interpreting a statute whose meaning depends heavily on sentence structure").

Our interpretation is also consistent with the principle of <u>ejusdem generis</u>.  Under that principle, general words are construed to apply only to persons or things that are similar to specific words in a statute.  <u>See</u> <u>State v. Proctor</u>, 171 N.H. ___, ___ (decided February 8, 2019) (slip op. at 7).  Thus, the phrase "rented for recreational or vacation use" limits the meaning of the phrase "other dwellings" to dwellings that are similar in nature to "hotels, motels, inns, [and] tourist homes."  RSA 540:1-a, IV.

Under the plaintiff's interpretation, travelers renting hotel rooms for business purposes would be deemed tenants entitled to the protections under RSA chapter 540 and the remedies pursuant to RSA chapter 540-A.  There is no indication in the plain meaning of the statutory language that the legislature intended such an arguably absurd result.

To support her construction of RSA 540:1-a, IV, the plaintiff mistakenly relies upon <u>Evans v. J Four Realty</u>, 164 N.H. 570 (2013).  The plaintiff in that case resided for five years in an apartment that was part of a resort called "Naturally New Hampshire Healthfully Yours Resort, Inc."  <u>Evans</u>, 164 N.H. at 571 (quotation omitted).  Her apartment, however, was not in the hotel portion of the resort, but was adjacent to an office.  <u>Id</u>.  Nonetheless, the defendant contended that it could not use the summary process in RSA chapter 540 to evict her because her apartment was merely a hotel room rented for non-residential use.  <u>Id</u>. at 577.  In rejecting that argument, we observed that the trial court had found, and the defendant had not challenged on appeal, that the plaintiff had rented an apartment in the resort for residential purposes.  <u>See</u> <u>id</u>.

Evans supports our construction of RSA 540:1-a, IV. It stands for the proposition that when, as in Evans, one rents a room in a dwelling that is not specifically enumerated in the statute — in Evans, a room that was not part of the hotel — then the terms "tenant" and tenancy" apply provided that the room is rented for residential purposes and not "for recreational or vacation use." RSA 540:1-a, IV.

The plaintiff makes a number of policy arguments to support her statutory construction. Those arguments are made to the wrong forum as matters of policy are reserved for the legislature. Dolbeare v. City of Laconia, 168 N.H. 52, 57 (2015). To the extent that the plaintiff relies upon decisions in other jurisdictions, we find those decisions unpersuasive given that our legislature, by enacting RSA 540:1-a, IV, has determined that occupants of hotel rooms are not "tenants."

The plaintiff next points to the process for ejecting hotel guests under RSA chapter 353, arguing that ejectment was not available to Homewood in this case because she and her husband rented their unit for more than a year. See RSA ch. 353 (2009). She contends that because New Hampshire law only provides two avenues for removing an occupant from rented residential premises, i.e., one process under RSA chapter 540 and another under RSA chapter 353, then if RSA chapter 353 does not apply, RSA chapter 540 does.

We disagree with the premise of the plaintiff's argument — that ejectment under RSA chapter 353 was not available to Homewood because of the duration of the rental at issue. RSA 353:3-c allows a hotel keeper to remove a guest from a "rental unit" under certain circumstances "by notifying such guest that the establishment no longer desires to entertain him or her and requesting that the guest immediately leave." RSA 353:3-c. For the purposes of RSA 353:3-c, "the term 'rental unit' shall include residential property rented for one month or less." Id.

The plaintiff contends that because the term "rental unit" includes property rented for one month or less, it necessarily excludes property rented for one month or more. However, "[t]he term 'includes' in a statutory definition does not necessarily exclude things not specified," and "ordinarily is a term of enlargement rather than limitation." Fassberg Construction Co. v. Housing Authority of City of Los Angeles, 60 Cal. Rptr. 3d. 375, 390 (Ct. App. 2007). The word "includes" is "not synonymous with 'means' or 'constitutes.'" Persky v. Bushey, 230 Cal. Rptr. 3d 658, 669 (Ct. App. 2018); cf. Appeal of Northridge Envtl., 168 N.H. 657, 661 (2016) (concluding that the legislature's use of the term "includes" in the statute defining the term "health care providers" demonstrates that the statutorily-enumerated list of such providers is not exhaustive). Thus, contrary to the plaintiff's assertions, the mere fact that the term "rental unit" includes units rented for one month or less does not require the conclusion that it cannot also include units rented for longer durations.

The plaintiff next relies upon RSA 78-A:3, VII, a provision of the New Hampshire Meals and Rooms Tax Law. See RSA ch. 78-A (2012 & Supp. 2018). RSA 78-A:6, I, imposes a "tax of 9 percent of the rent" upon "each occupancy." RSA 78-A:6, I (2012). However, for the purposes of the meals and rooms tax law, the term "occupancy" does not include occupancy by a "permanent resident." RSA 78-A:3, VI(b)(1) (2012). RSA 78-A:3, VII defines a "permanent resident" of a hotel as "any occupant who has occupied any room in a hotel for at least 185 consecutive days." RSA 78-A:3, VII (2012).

The plaintiff argues that the definition of "permanent resident" for the purposes of the meals and rooms tax law indicates legislative "recognition that at some point in time an occupant of a room in a hotel sheds his or her status as a guest and becomes a permanent resident, a status that is entirely consistent with 'tenant.'" However, there is no language in RSA chapter 78-A demonstrating a legislative intent to equate the definition of "permanent resident" in RSA 78-A:3, VII with the definition of "tenant" for the purposes of either RSA chapter 540 or RSA chapter 540-A. RSA chapter 78-A is not part of the statutory scheme governing the relations between landlords and tenants, and we decline to add language equating the definition of "permanent resident" in RSA 78-A:3, VII with the definition of "tenant" in RSA chapters 540 and 540-A that the legislature did not see fit to include. See Conduent, 171 N.H. at ___ (slip op. at 5).

In light of our decision upholding the trial court's determination that the plaintiff and her husband were not tenants entitled to remedies under RSA chapter 540-A as a matter of law, we decline to address the plaintiff's remaining arguments.

Affirmed.

LYNN, C.J., and BASSETT and DONOVAN, JJ., concurred.