# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0406, <u>D.G. v. A.L.</u>, the court on November 29, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The defendant, A.L., appeals the order of the Circuit Court (<u>Cabrera</u>, J.), following a hearing, granting a domestic violence final order of protection to the plaintiff, D.G. <u>See</u> RSA 173-B:5 (2022). He argues that the trial court erred by: (1) relying upon allegations that were not stated in the petition; and (2) refusing to consider additional evidence submitted with his motion for reconsideration. We affirm.

To be granted a domestic violence final order of protection, the plaintiff must establish, by a preponderance of evidence, that the defendant engaged in "abuse." RSA 173-B:5, I. "Abuse" means the commission or attempted commission of one or more enumerated crimes by a family or household member or a current or former sexual or intimate partner when such conduct "constitute[s] a credible present threat" to the plaintiff's safety. RSA 173-B:1, I (2022); <u>see</u> <u>S.C. v. G.C.</u>, 175 N.H. 158, 163 (2022).

The defendant first argues that the trial court erred in finding that he abused the plaintiff based upon allegations that were not contained in the plaintiff's petition. We have held that notice of the facts alleged against a defendant must be provided in advance of the hearing on the petition. <u>In the Matter of Aldrich & Gauthier</u>, 156 N.H. 33, 34 (2007); RSA 173-B:3, I (2022). In this case, the plaintiff alleged in his petition that the defendant "follows me home" and "plays chicken [with] excavators on a trailer" with a "1 ton stake body tr[u]ck." The plaintiff alleged that the defendant's conduct "scares me very much because he is not gonna stop it feels until someone gets hurt." The plaintiff alleged that he fears whether "today [is] the day I get chased into a ditch."

At the hearing on the petition, the plaintiff testified regarding an incident that occurred on January 28, 2023, in which the defendant was "chasing me in his plow truck and following me all the way home." The plaintiff alleged that it was "scary for me because it's . . . the fourth time he's done that." The plaintiff testified that when he turned into the driveway to his house, the defendant "sped up with his big one-ton plow truck and . . . pretended to . . . swerve into me." The plaintiff testified, "I feel he's hunting me," and that "he's making us feel like . . . if we don't move, we're going to get hurt."

The trial court found that the defendant engaged in "abuse" by "[f]ollow[ing] [the] Plaintiff in his plow truck," and "[s]werv[ing] towards the Plaintiff's vehicle in his plow truck," and that "[t]his has happened four or more times including in January 2023." The court found that the defendant's conduct constitutes a present credible threat to the plaintiff's safety because "[t]he plaintiff credibly testified he feels like the defendant is 'hunting me,'" and because "[t]he Defendant's hostile behavior and impulsive behavior creates a risk of a serious collision on the roadway."

The defendant argues that the trial court's order "is based entirely on an allegation first made by the plaintiff at the hearing regarding an alleged incident on January 28, 2023 involving a snowplow truck." At the hearing, the defendant did not object to the plaintiff's testimony on this basis; he raised this issue in his motion for reconsideration, which the court denied. On appeal, the defendant argues that the allegation in the petition regarding the defendant's use of excavators did not provide him with adequate notice of the plaintiff's testimony regarding the January 2023 plow truck incident because "the distinction between a snowplow truck and one that hauls excavators is not insignificant," and because the petition "provided no date or even a general timeframe." We are not persuaded.

The plaintiff is not required to set forth the specific dates upon which he alleges to have been abused. In the Matter of Sawyer & Sawyer, 161 N.H. 11, 16 (2010). Moreover, even assuming that the petition and testimony referred to two trucks used for different purposes and in different seasons, the defendant has failed to show that he suffered any prejudice resulting from the variation between the allegations in the petition and the hearing testimony. See id. at 17 (finding no showing of prejudice resulting from lack of specific dates absent a time-based defense). The plaintiff alleged in his petition that the defendant "follows" the plaintiff in a one-ton truck and "plays chicken" with him, suggesting repeated behavior, not a one-time incident. We conclude that the plaintiff's petition provided adequate notice of the facts alleged against the defendant. See Aldrich, 156 N.H. at 34; RSA 173-B:3, I.

The defendant next argues that the trial court erred when it refused to consider additional evidence submitted with his motion for reconsideration. The decision whether to receive additional evidence in a motion for reconsideration rests in the sound discretion of the trial court. Lillie-Putz Trust v. Downeast Energy Corp., 160 N.H. 716, 726 (2010). We will not disturb the trial court's decision unless the defendant can show that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. Id.

In his motion for reconsideration, the defendant alleged that two months before the plaintiff filed his petition, the plaintiff's wife filed a domestic violence petition against the plaintiff, and that the sworn allegations in that petition undermine the plaintiff's credibility. The defendant also alleged that, prior to

the hearing, he had requested documents from the New Hampshire State Police regarding the defendant, but had not received the plaintiff's wife's petition until after the hearing.  The credibility and weight to be given to a witness' testimony are questions of fact for the trial court.  <u>Rancourt v. Town of Barnstead</u>, 129 N.H. 45, 50 (1986).  According to the defendant, the trial court was aware of the mother's petition, having granted her motion to withdraw it.  Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in denying the defendant's motion to submit new evidence offered in his motion for reconsideration.  <u>See</u> <u>Lillie-Putz Trust</u>, 160 N.H. at 726.

<u>Affirmed</u>.

MacDonald, C.J., and Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**