Rockingham
No. 98-393

THE STATE OF NEW HAMPSHIRE

v.

KELSEY MARTIN

October 16, 2000

*Philip T. McLaughlin*, attorney general (*N. William Delker*, assistant attorney general, on the brief and orally), for the State.

*Gary Apfel*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

*Kelsey Martin*, by brief, *pro se*.

DALIANIS, J. The defendant, Kelsey Martin, appeals his conviction by a jury of one count of aggravated felonious sexual assault, *see* RSA 632-A:2, I (1986 & Supp. 1992). He contends that the Superior Court (*McHugh*, J.) erred when it permitted the State to introduce the victim's prior consistent statements substantively on redirect examination. Additionally, he contends that the victim's identification was unreliable and the evidence at trial was insufficient to sustain his conviction. We affirm.

This matter was tried three times to a jury. In the third trial, the parties did not dispute that the victim had been sexually assaulted in 1995. Rather, the dispute centered upon the identity of the person who assaulted her.

On direct examination, the victim, then seven years old, testified that the defendant came into her room on the night of the assault

twice, once when he gave her cough medicine and again when he assaulted her. She testified that she knew that it was the defendant who gave her cough medicine because she saw him. She testified that she knew the defendant assaulted her because, "I know what he looked like and I, I recognized his voice."

On cross-examination, the victim testified that she could not remember if she saw the defendant's face when he came into her room that night. The defendant then introduced the victim's prior inconsistent statement from the first trial in which she said that she did not see the defendant when he came into her room, but that she knew that it was he because she knew his voice. On redirect, over the defendant's objection, the State introduced the victim's prior consistent statement from the second trial in which she said that she "kind of" saw the defendant's face when he came into her room because "the light in the living room was on."

The defendant first argues that the court erred when it permitted the State to introduce the victim's prior consistent statement that she "kind of" saw the defendant's face. The State contends that introducing the statement was proper because the defendant opened the door to this testimony. Alternatively, the State contends that even if admission of the prior consistent statement was error, it was harmless. We agree that any error in admitting the statement was harmless and thus do not reach the question of whether the trial court erred in admitting the statement.

It is well-settled that

the State bears the burden of proving that an error is harmless, a burden satisfied by proof beyond a reasonable doubt that the erroneously admitted evidence did not affect the verdict. In deciding whether the State has met its burden, we consider the strength of the alternative evidence presented at trial. We also consider the character of the inadmissible evidence, including whether the evidence was cumulative or inconsequential in relation to the State's evidence.

*State v. Fischer*, 143 N.H. 311, 316-17, 725 A.2d 1, 4 (1999) (quotation and brackets omitted).

The disputed testimony concerned whether or not the victim recognized the defendant when he came into her room at any time on the night of the assault; it was not specific to the assault. It is substantially the same as other testimony that the victim recognized the defendant when he came into her room that night. *See id.* at 317,

725 A.2d at 5. On direct examination, the victim testified that when the defendant came into her room to give her cough medicine, she knew it was he because she saw him. On cross-examination, the victim testified that she knew that the defendant came into her room that night because she recognized his voice. Thus, even if the testimony at issue had been excluded, the jury would nonetheless have had the victim's testimony that she recognized the defendant when he came into her room. *See State v. Lemieux*, 136 N.H. 329, 331, 615 A.2d 635, 636 (1992). In light of this evidence, the testimony at issue, a single question and answer, was cumulative and therefore harmless beyond a reasonable doubt. *See id.* at 331-32, 615 A.2d at 636-37.

In his *pro se* supplemental brief, the defendant argues that his conviction should be overturned because (1) the victim's identification was so unreliable that convicting on that basis violated his constitutional right to due process, and (2) there was insufficient evidence to convict him. The State contends that the defendant failed to preserve both of these issues. We agree.

██ The notice of appeal raised four issues, none of which involved the reliability of the victim's identification or the sufficiency of the evidence. The defendant, therefore, failed to preserve these issues for our review. *See State v. O'Connell*, 131 N.H. 92, 95, 550 A.2d 747, 749 (1988). Moreover, even if the defendant had included his sufficiency of the evidence claim in his notice of appeal, it would not have been preserved for our review since he did not raise it in the trial court. *See State v. McAdams*, 134 N.H. 445, 446, 594 A.2d 1273, 1273 (1991). All other issues raised in the notice of appeal but not briefed are deemed waived. *See State v. Mountjoy*, 142 N.H. 648, 652, 708 A.2d 682, 685 (1998).

*Affirmed.*

BROCK, C.J., sat for oral argument but did not take part in the final vote; JOHNSON, J., sat for oral argument but retired prior to the final vote; THAYER, J., sat for oral argument but resigned prior to the final vote; HORTON, BRODERICK, and NADEAU, JJ., concurred; NADEAU and DALIANIS, JJ., took part in the final vote by consent of the parties.