Merrimack
No. 2006-567

IN RE TOYOTA AVALON VIN # 4T1BJ18BXWU251611

Submitted: June 20, 2007
Opinion Issued: July 19, 2007

*Kelly A. Ayotte*, attorney general (*Jane E. Young*, senior assistant attorney general, on the brief), for the State.

Dervon Benedict, by brief, *pro se*.

GALWAY, J. The defendant, Dervon Benedict, appeals a decision of the Superior Court (*Conboy*, J.) granting the State's petition for forfeiture of his Toyota Avalon. *See* RSA 318-B:17-b (2004). We affirm.

In early 2005, the Concord Police Department received information that the defendant had been distributing crack cocaine in Concord and surrounding areas. Through a confidential informant, the police learned of a meeting involving the defendant at which a crack cocaine transaction would occur. The defendant traveled to the meeting in the Toyota Avalon

that is the subject of the State's forfeiture petition. When the defendant arrived at the meeting, he was arrested and seventy-eight baggies of crack cocaine were found on his person. It was later determined that the defendant was carrying 28.7 grams of crack cocaine, a felony level offense. *See* RSA 318-B:26, I(a)(3) (2004).

The State charged the defendant with possession with the intent to distribute. Prior to prosecution, however, the State referred the case to the United States Attorney's Office for federal prosecution. On March 16, 2006, the defendant pled guilty in federal court to possession with intent to distribute more than five grams of cocaine base. *See* 18 U.S.C. § 841(a)(1) (2000).

On May 4, 2005, prior to referring the case for federal prosecution, the State filed a petition for forfeiture of the defendant's Toyota Avalon alleging that the defendant had used the vehicle in "the procurement, trafficking, delivery or distribution of a controlled drug in felonious violation of RSA 318-B:2." On June 8, 2006, the superior court held a hearing on the State's petition. Because the defendant's answer to the State's petition did not comply with Superior Court Rule 133, the superior court deemed the allegations in the State's petition as admitted. Following the hearing, the superior court granted the petition, finding that the defendant's vehicle was subject to forfeiture under RSA 318-B:17-b and that its forfeiture was not excessive in relation to the underlying criminal offense. This appeal followed.

On appeal the defendant argues: (1) because the State turned prosecution of his case over to the federal government, it could not pursue forfeiture; (2) forfeiture violated the terms of his plea agreement; and (3) the forfeiture was excessive in relation to the underlying offense. We address each argument in turn.

The defendant first contends that RSA 318-B:17-b permits the State to seek forfeiture only of those items used in connection with an offense that is, "or at least could be," prosecuted under RSA chapter 318-B (2004 & Supp. 2006). According to the defendant, when the State referred his case for federal prosecution, it could not prosecute him, and, therefore, could not seek forfeiture of his vehicle.

> The interpretation of a statute is a question of law, which we review *de novo*. We are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. We first examine the language of the statute, and, where possible, ascribe the plain and ordinary meanings to the words used. When a statute's language is plain and unambiguous, we need not look beyond it for further indication of legislative intent,

and we will not consider what the legislature might have said or add language that the legislature did not see fit to include.

*Woodview Dev. Corp. v. Town of Pelham*, 152 N.H. 114, 116 (2005) (citations omitted). Our goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme. *Hughes v. N.H. Div. of Aeronautics*, 152 N.H. 30, 38-39 (2005).

RSA 318-B:17-b, IV(a) states:

> The department of justice may petition the superior court in the name of the state in the nature of a proceeding in rem to order forfeiture of items or property interests subject to forfeiture under the provisions of this section. Such petition shall be filed in the court having jurisdiction over any related criminal proceedings which could be brought under this chapter.

The defendant argues that under RSA 318-B:17-b, IV(a), when the State referred his prosecution to the federal government, the superior court no longer had jurisdiction over the criminal prosecution for his possession of crack cocaine. Also, the defendant contends that once he entered his guilty plea in federal court, the State lacked authority to prosecute him because to do so would violate double jeopardy. Therefore, because the State could not prosecute him, it could not maintain the forfeiture action.

Regarding the defendant's statutory argument, RSA 318-B:17-b, IV(a) neither grants nor removes jurisdiction from the state courts when a case is referred to the federal system. Instead, the statute requires that if the State files a forfeiture petition, it must do so in the court having jurisdiction over *any* related criminal proceeding which *could* be brought. The statute is phrased broadly to apply not only when criminal proceedings have actually been brought, but also when criminal proceedings could be brought as a result of violations of RSA chapter 318-B.

In this case, the State alleged, and the trial court accepted as admitted, that the defendant had used this vehicle when traveling from Boston to areas in Merrimack County to conduct drug sales in violation of RSA chapter 318-B. Therefore, because the defendant had used this vehicle to engage in criminal activities in Merrimack County, it is in that county that criminal proceedings *could* be brought for violation of the statute. Indeed, criminal proceedings had in fact been brought against the defendant and were pending in Merrimack County when the petition for forfeiture was filed. In any event, because the statute, by its plain language, does not require that a criminal proceeding actually be brought,

but only defines the proper court in which the forfeiture petition should be brought, the superior court had jurisdiction since the forfeiture petition was brought in the court with jurisdiction over related criminal proceedings that could have been brought.

As to the defendant's argument that maintaining the forfeiture petition violated double jeopardy, the New Hampshire Constitution prevents the duplication of trials in two jurisdictions for the same offense. *State v. McNally*, 122 N.H. 892, 895 (1982); *State v. Hogg*, 118 N.H. 262, 266 (1978). We have held, however, that RSA 318-B:17-b is a civil, non-punitive statute, and that enforcing its provisions, even after a guilty plea, does not offend double jeopardy. *In re 1994 Chevrolet Cavalier*, 142 N.H. 705, 709 (1998). While *In re 1994 Chevrolet Cavalier* involved a guilty plea in state court, we see no need to apply a different reasoning when the plea is entered in federal, rather than state, court. Accordingly, we conclude that double jeopardy does not bar the State's forfeiture petition following the defendant's guilty plea in federal court.

We address the defendant's remaining arguments briefly. The defendant contends that forfeiture was a breach of his plea agreement. The defendant's plea agreement, however, states, in relevant part:

> The defendant acknowledges and understands that this Plea Agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to the defendant with respect to any civil or administrative consequences that may result from the defendant's plea of guilty, because such matters are solely within the discretion of the specific administrative or government agency involved.

A forfeiture action is a civil suit, *see* RSA 318-B:17-b, IV(b); *In re 1994 Chevrolet Cavalier*, 142 N.H. at 709, and is therefore explicitly exempt from the terms of the defendant's plea agreement. Thus, this forfeiture action did not violate the defendant's plea agreement.

Next, the defendant contends that forfeiture of his vehicle was excessive in relation to the underlying offense because the vehicle was purchased with legitimate funds, his criminal activities were not extensive, and the value of the vehicle vastly outweighs the value of the drugs seized. Regarding the defendant's argument that the vehicle was purchased with legitimate funds, and not the proceeds of drug sales, the State argued that forfeiture was proper because the defendant used the vehicle in the trafficking, delivery or distribution of a controlled drug. Such use of a

vehicle is grounds for forfeiture under RSA 318-B:17-b, I(b). Thus, even if the funds used to purchase the vehicle were not the proceeds of drug sales, the defendant's vehicle could properly be the subject of forfeiture.

 Regarding the other arguments made by the defendant, RSA 318-B:17-b, IV(e) required the trial court to first determine whether the property at issue is subject to forfeiture. The trial court then had to determine whether the forfeiture was excessive in relation to the underlying offense. RSA 318-B:17-b, IV(e). In so doing, the trial court was to consider, among other things, the connection of the property to the crime, the extent of the criminal activities conducted by or through the use of the property, and the value of the property in relation to the value of the drugs, the costs of investigation and prosecution and the harm caused by the criminal conduct. RSA 318-B:17-b, IV(e). Here, the trial court found that the defendant's vehicle was properly the subject of forfeiture, and that forfeiture was not excessive based upon virtually uncontested facts that: the value of the drugs seized was about $4,000; the investigation cost between $3,000 and $6,000; the defendant's vehicle was worth $10,000 to $11,000; and this vehicle was used extensively in the trafficking and distribution of drugs, including in the underlying crime here. The trial court's findings under RSA 318-B:17-b, IV(e) are supported by the record and will not be overturned.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.