956 A.2d 316 (2008)
Lawrence J. DUPONT
v.
NEW HAMPSHIRE REAL ESTATE COMMISSION.
No. 2007-893.
Supreme Court of New Hampshire.
Argued: June 26, 2008.
Opinion Issued: August 21, 2008.
*317 Normandin, Cheney & O'Neil, PLLC, of Laconia (James F. Lafrance on the brief and orally), for the petitioner.
Kelly A. Ayotte, attorney general (Danielle L. Pacik, assistant attorney general, on the memorandum of law and orally), for the respondent.
HICKS, J.
The petitioner, Lawrence J. Dupont, appeals an order of the Superior Court (Smukler, J.) upholding a decision of the respondent, New Hampshire Real Estate Commission (commission), sanctioning him for violating provisions of the New Hampshire Real Estate Practice Act (the Act) in connection with a sales agreement involving a manufactured home. See RSA ch. 331-A (2004 & Supp.2007). Dupont argues that paragraphs I and VII of RSA 331-A:4 exempt him from the Act's requirements. See RSA 331-A:4, I, VII (2004). We affirm.
The following facts were found by the trial court or are supported by the record. Dupont is president of Pine Gardens Manufactured Homes, Inc. and owner and operator of Pine Gardens Mobile Home Park in Belmont. At this location, he sells manufactured homes and rents lots. Dupont was also actively licensed as a real estate broker in the State of New Hampshire from June 26, 1968, until June 26, 2005.
On March 10, 2005, Lawrence and Beverly Mills entered into a written agreement with Dupont for the sale of a manufactured home. Dupont assured the Mills that they could "absolutely" construct a 10' *318 × 12' deck as long as they obtained a valid permit from the Town of Belmont. Additionally, Dupont stated that his company would be able to construct the deck. Relying upon this statement, the Mills provided a non-refundable $10,000 deposit to Dupont, which he deposited in his only escrow account. The Mills were later informed by Dupont's son that a 10' × 12' deck could not be added to the property because of a fire safety issue. They immediately requested that the deposit be returned but Dupont refused.
On May 26, 2006, the Mills filed a complaint with the commission against Dupont alleging misrepresentations concerning the sale of a manufactured home. Following a hearing, the commission ruled that Dupont violated various provisions of the Act by withdrawing security funds placed in escrow and by making false statements that induced the Mills to act. The commission ordered Dupont to pay $3,000 in disciplinary fines and enroll in an accredited prelicensing course. Dupont appealed the commission's decision to the superior court, which affirmed.
On appeal, Dupont argues that the court erred in ruling that he could be sanctioned for violating RSA 331-A:13, IV (Supp. 2007) and RSA 331-A:26, IV, V and VII (2004) because RSA 331-A:4 (2004) provides that he is exempt from the Act's requirements.
RSA 331-A:4 provides a list of exempted classes from the Act. As an initial matter, we note that Dupont argues that RSA 331-A:4 contains a mandatory command that the Act "shall not apply" to those classes of persons listed, and that whether a person is exempt is not discretionary. While we agree that the phrase "shall not" indicates a mandatory command, see Appeal of Rowan, 142 N.H. 67, 71, 694 A.2d 1002 (1997), this neither ends nor aids our analysis. Unless Dupont falls within one of the classes of persons described in RSA 331-A:4, the "shall not apply" language is irrelevant. The issue before us, therefore, is whether or not Dupont is within a class of exempted persons listed under RSA 331-A:4. He argues that he is exempt under both RSA 331-A:4, I, and RSA 331-A:4, VII.
The interpretation of a statute is a question of law, which we review de novo. In re Toyota Avalon, 155 N.H. 720, 721, 927 A.2d 1239 (2007). We will "examine the language of the statute, ascribing to its words their plain and ordinary meanings, and interpret it in the context of the overall legislative scheme and not in isolation." Mortgage Specialists v. Davey, 153 N.H. 764, 774, 904 A.2d 652 (2006). "In construing a statute, we will neither consider what the legislature might have said nor add words that it did not see fit to include." Monahan-Fortin Properties v. Town of Hudson, 148 N.H. 769, 771, 813 A.2d 523 (2002).
RSA 331-A:4, VII states that the provisions of the Act shall not apply to:
Any person owning or operating a park, including the person's regular employees, in which manufactured housing to be sold or leased is located, who may, for a fee or commission or other valuable consideration, list, sell, purchase, exchange or lease such manufactured housing without a license of a broker or salesperson.
RSA 331-A:4, VII. Dupont argues that because he did not need a real estate license for this particular transaction, he is exempt under RSA 331-A:4, VII.
The plain language of the statute provides that only persons owning or operating a manufactured housing park without a broker license are exempt from the Act. It does not exempt a licensed real estate broker simply because he participates in a *319 transaction that does not require a person to hold a broker license.
Construed as a whole, "RSA chapter 331-A establishes a comprehensive system for regulating real estate sales and brokerage practices." Suburban Realty, Inc. v. Albin, 131 N.H. 689, 692, 559 A.2d 1332 (1989). RSA 331-A:28, I, provides that "[t]he commission may investigate the actions of any person engaged in the business or acting in the capacity of a real estate broker or real estate salesperson, regardless of whether the transaction was for the person's own account or in the capacity as broker or salesperson." RSA 331-A:28, I (2004). The statute does not specify that the transaction must occur during a particular real estate transaction. RSA 331-A:28 (2004). In addition, RSA 331-A:26 (Supp.2007) identifies certain acts subject to disciplinary action as provided in RSA 331-A:28; many of the acts undoubtedly fall outside of the scope of the real estate transaction, yet are subject to disciplinary action. For example, RSA 331-A:26, III provides that the following acts are subject to the Act:
Being convicted in a court of competent jurisdiction of this or any other state, or federal court, of forgery, embezzlement, obtaining money under false pretenses, bribery, larceny, extortion, conspiracy to defraud, sexual crimes, drug distribution, arson, physical violence, or any similar offense or offenses. . . .
RSA 331-A:26, III (Supp.2007). The trial court found that the plain meaning of the Act provides that "real estate agents and brokers are held to a standard of conduct, regardless of whether or not it directly affects a particular real estate transaction." We agree. Accordingly, Dupont is not exempt from the Act under RSA 331-A:4, VII because he was a licensed real estate broker at the time of the transaction.
Next, Dupont argues that he is an owner of real estate and therefore exempt from the Act pursuant to RSA 331-A:4, I. RSA 331-A:4, I, provides that the provisions of the Act shall not apply to:
An owner, builder or tenant of real estate or to regular employees with respect to property owned or leased by the owner, builder, or tenant, or to a prospective purchaser or tenant of real estate or to regular employees with respect to property sought to be acquired or leased by the purchaser or tenant.
RSA 331-A:4, I. We decline to consider this argument, however, because Dupont failed to raise the issue in his notice of appeal. State v. Martin, 145 N.H. 313, 315, 761 A.2d 500 (2000).
Finally, Dupont presents two additional arguments. He argues that there is an insufficient factual basis to support the commission's decision, and that the prohibitions in RSA 331-A:13 (Supp.2007) and RSA 331-A:26 (2004) are premised upon the existence of a fiduciary relationship, whereas no fiduciary relationship exists between the parties to this transaction. We decline to address both arguments, however, because these issues were also not raised in the notice of appeal. As a result, the issues were not properly preserved and are deemed waived. Martin, 145 N.H. at 315, 761 A.2d 500.
For the foregoing reasons, we agree with the trial court's conclusion that Dupont is not exempt under RSA 331-A:4, VII and was lawfully sanctioned by the commission.
Affirmed.
BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.