Strafford County Probate Court
No. 2008-084

IN RE NICHOLAS L.

Argued: January 9, 2009
Opinion Issued: May 15, 2009

*Bernson Legal and Guardian ad Litem Services, P.L.L.C.*, of Dover (*Tracy A. Bernson* on the brief and orally), for the respondent.

*Kelly A. Ayotte*, attorney general (*Suzanne M. Gorman*, senior assistant attorney general, on the memorandum of law and orally), for the State.

## MEMORANDUM OPINION

DALIANIS, J. The respondent, Nicholas L., appeals a decision of the Strafford County Probate Court (*Cassavechia*, J.) denying his motion to dismiss the State's petition for non-emergency involuntary admission because the State failed to disclose psychiatrist David Schopick, M.D., as an expert witness pursuant to RSA 516:29-b (2007). We affirm.

The respondent suffers from a severe psychiatric illness. In 2006, he was charged with second degree assault, simple assault and false imprisonment involving his then-girlfriend. The superior court found that he was incompetent to stand trial on these charges.

In September 2007, the State filed its petition for non-emergency involuntary admission. Pursuant to RSA 135-C:40 (2005), the probate court appointed Dr. Schopick to evaluate the respondent. Dr. Schopick concluded that the respondent met the standard for non-emergency involuntary admission pursuant to RSA 135-C:34 (2005), and recommended that he be civilly committed for the maximum duration of five years.

Before the commitment hearing, the respondent propounded an interrogatory requesting that the State list any and all expert witnesses it intended to call to testify and, for each witness, to provide a complete disclosure pursuant to RSA 516:29-b. The State responded that it did not intend to call any expert witnesses and that all of its witnesses would be fact witnesses.

On October 9, 2007, Dr. Schopick filed a copy of his psychiatric evaluation with the probate court. *See* RSA 135-C:41 (2005). The respondent requested a copy of Dr. Schopick's complete file on the respondent, which he provided.

On the day of the hearing, the respondent moved to dismiss, arguing that the State would be unable to meet its burden of proof because it had not disclosed any expert witnesses that it intended to call. The State responded that Dr. Schopick would testify, that his report put the respondent on notice

as to the content of his testimony, and that the State did not have an obligation to disclose Dr. Schopick because he had been appointed by the court. The trial court denied the motion. At the hearing, Dr. Schopick testified consistently with his report. The respondent appeals his committal, arguing that the trial court erred in denying his motion to dismiss because, pursuant to RSA 516:29-b, the State was required to disclose Dr. Schopick as an expert.

RSA 516:29-b requires parties in civil cases to disclose to their opponents any expert witness and, unless the parties so stipulate or the court orders otherwise, to provide for each such witness a written report that includes specific information. Pursuant to RSA 516:29-b, III, these disclosures are to be made at a time and in a sequence directed by the court, but in the absence of such directions or a stipulation between the parties, the disclosures must be made at least ninety days before trial, unless the expert is offering only rebuttal evidence, in which case the disclosure must be made at least thirty days before trial.

The respondent argues that the State failed to comply with RSA 516:29-b. The State counters that RSA 516:29-b does not apply to non-emergency involuntary admission proceedings under RSA chapter 135-C.

Whether the disclosure requirements of RSA 516:29-b apply to court-appointed experts in involuntary civil commitment proceedings pursuant to RSA chapter 135-C is an issue of first impression and requires that we engage in statutory interpretation. The interpretation of a statute is a question of law, which we review *de novo. MacPherson v. Weiner*, 158 N.H. 6, 9 (2008). When examining the language of the statute, we ascribe the plain and ordinary meaning to the words used. *Id.* We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Id.* We interpret a statute to lead to a reasonable result and review a particular provision, not in isolation, but together with all associated sections. *Id.*

■ We hold that RSA 516:29-b does not apply to the facts of this case. Under RSA 516:29-b, a party is required to make disclosures "with respect to a witness who is retained or specially employed to provide expert testimony in the case." Here, neither party employed or retained Dr. Schopick; he is independent of the parties and was appointed by the court. He prepared his own report and filed it with the probate court. *See* RSA 135-C:40. We, therefore, conclude that the trial court did not err in denying the respondent's motion to dismiss based upon the State's failure to comply with RSA 516:29-b. We do not address whether a party to a non-emergency

involuntary civil commitment would be required to disclose a retained expert witness pursuant to RSA 516:29-b because the issue is not before us.

 Although the respondent raises other arguments in his brief, we decline to address them because they were not included in his notice of appeal, and, thus, were not preserved for our review. *See Dupont v. N.H. Real Estate Comm'n*, 157 N.H. 658, 662 (2008).

*Affirmed.*

BRODERICK, C.J., and DUGGAN and HICKS, JJ., concurred.