Candia District Court
No. 2009-525

THE STATE OF NEW HAMPSHIRE

v.

RICHARD S. PESSETTO

Submitted: June 10, 2010
Opinion Issued: October 19, 2010

*Michael A. Delaney*, attorney general (*Nicholas Cort*, assistant attorney general, on the memorandum of law), for the State.

Richard S. Pessetto, by brief, *pro se.*

HICKS, J. The defendant, Richard S. Pessetto, appeals an order from the Candia District Court (*LeFrancois*, J.) denying his motion for return of property. *See* RSA 595-A:6 (2001). We vacate and remand.

The parties do not dispute the following facts. The defendant was convicted of carrying a loaded firearm without a license, *see* RSA 159:4 (2002), and transporting alcoholic beverages, *see* RSA 265-A:44 (Supp. 2009). After the conclusion of the criminal proceedings, the defendant moved for the return of his firearm pursuant to RSA 595-A:6. With this motion, the defendant submitted an affidavit that stated his name, address, and asserted legal ownership of a confiscated Glock Model 17. The affidavit also stated:

> I am not subject to a Domestic Violence/Stalking Protective Order. . . . I have no outstanding civil protection orders issued against me, nor bail orders and I have not been convicted of any misdemeanor or felony offenses in any state or federal court which would make it unlawful for me to possess any firearm and ammunition pursuant to the Gun Control Act of 1968, as amended, nor am I under any other legal status that would render my possession of a firearm or ammunition illegal.

This statement is similar to the information required in Form NHJB-2055-DFS, the standard form and affidavit for the return of a firearm upon the expiration of a domestic violence protective order. *See* RSA 173-B:5 (amended 2007).

Upon receipt of his affidavit, the trial court requested the defendant fill out Form NHJB-2055-DFS so it could complete a background check to

ensure there were no outstanding protective orders or qualifying domestic violence misdemeanor convictions that would prohibit him from owning a firearm. The defendant did not fill out the form and the trial court held a hearing on June 15, 2009.

At the hearing, the defendant asserted that his firearm should be returned under RSA 595-A:6 and that his affidavit was sufficient to satisfy the requirements of the statute. He maintained that there was no requirement under RSA 595-A:6 that he submit to a background check. While he further contended that submitting to a background check would violate his privacy rights and right to bear arms, he has abandoned those arguments on appeal.

RSA 595-A:6 reads, in pertinent part:

> If an officer in the execution of a search warrant, or by some other authorized method, finds property or articles he is empowered to take, he shall seize and safely keep them under the direction of the court or justice so long as necessary to permit them to be produced or used as evidence in any trial. Upon application . . . the court . . . shall, upon notice to a defendant and hearing, and *except for good cause shown,* order returned to the rightful owner[]. . . any other property of evidential value *not constituting contraband.*

RSA 595-A:6 (emphasis added).

At the hearing, the State introduced no evidence that the firearm was contraband or that the defendant could not lawfully possess it, asserting merely, "I don't think this [c]ourt has the authority to give back his firearms until there's been a determination that he, in fact, is able to possess them." The State added, "I don't know if this conviction would qualify as a misdemeanor which would exclude him [from] being able to carry a firearm or to have a firearm."

The trial court found "good cause" to withhold return of the defendant's firearm until the defendant submitted to a background check to ensure that the defendant was not ineligible under federal or state law, such as 18 U.S.C. § 922(g)(1)-(9) (2006) or RSA 159:3 (Supp. 2009), to own a firearm. The trial court ordered that "it is reasonable to require the [background] check prior to acting on [defendant]'s request" and that "[n]ot returning a firearm to a person who is prohibited from possessing one is good cause under RSA 595-A:6." The trial court also acknowledged its obligation under federal law not to knowingly transfer a firearm to certain enumerated persons. *See* 18 U.S.C. § 922(d). The trial court ordered the defendant to complete form NHJB-2055-DFS and submit to a background check within

thirty days. When the defendant did not provide the form after that time, the motion was denied. This appeal followed.

The defendant argues that the trial court erred by finding "that a Department of Safety record check and submission of a Form NHJB 2055-DFS was a condition precedent to ordering the return of [his] firearm." He contends that RSA 595-A:6 contains no such requirement. Additionally, he maintains that the State possessed all information necessary, via his arrest, to conduct a background check prior to the hearing to determine if there was "good cause" to withhold his firearm. Consequently, he asserts, the State's failure to present any such evidence precludes a finding of "good cause" because the State did not meet its burden under RSA 595-A:6.

The State responds that RSA 595-A:6 plainly prohibits the return of property that constitutes contraband. It contends that requiring the submission of a NHJB-2055-DFS affidavit and conducting a background check are reasonable means within the trial court's discretion to assure that the firearm in the defendant's possession would not be contraband under federal or state law.

The parties' arguments require us to construe RSA 595-A:6, which presents a question of law. We review the "trial court's ruling on the disposition of property under RSA 595-A:6 for an unsustainable exercise of discretion." *State v. Gero*, 152 N.H. 379, 381 (2005). "To show that the trial court's decision is not sustainable, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case." *Id.* (quotation omitted). However, in matters of statutory interpretation, we are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. *State v. Dodds*, 159 N.H. 239, 244 (2009). When interpreting statutes, we look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. *Id.* We will neither consider what the legislature might have said nor add words that it did not see fit to include. *Id.* When the language of the statute is clear on its face, its meaning is not subject to modification. *State v. Mohamed*, 159 N.H. 559, 560 (2009). Our examination of RSA 595-A:6 requires us to construe the terms "contraband" and "good cause."

*I. Contraband*

■ The trial court must determine if the seized property is contraband. Contraband materials may fall into one — or both — of two categories: contraband *per se* or derivative contraband. *State v. Cohen*, 154 N.H. 89, 91-93 (2006). "[C]ontraband *per se* is '[p]roperty whose possession is unlawful regardless of how it is used.'" *Id.* at 92 (citation omitted).

"[D]erivative contraband is '[p]roperty whose possession becomes unlawful when it is used in committing an illegal act,'" and "includes tools or instrumentalities that a wrongdoer has used in the commission of a crime." *Id.* at 92 (citations omitted). If the item is determined to be contraband, then the trial court has discretion to order forfeiture and dispose of the property as the public interest requires. RSA 595-A:6; *see Cohen*, 154 N.H. at 94 (holding that denial of motion to return defendant's seized property was proper where property was contraband). If the item is not contraband, the trial court must return the property unless the State provides good cause to withhold its return. RSA 595-A:6.

We have not specifically addressed which party bears the burden of proof on the contraband determination under RSA 595-A:6. However, the legislature has specifically addressed the burden of proof in the context of forfeiture under the controlled drug act, RSA chapter 318-B. RSA 318-B:17-b, IV (b) (2004) reads: "[T]he state shall have the burden of proving all material facts by a preponderance of the evidence." We see no reason to deviate from that standard when an item is seized as a result of a crime that is not drug related. This is consistent with the federal standard for forfeiture of possible contraband. *See United States v. Chambers*, 192 F.3d 374, 377-78 (3d Cir. 1999). Accordingly, we hold that the State bears the burden of proof as to whether an item is contraband under RSA 595-A:6.

RSA 595-A:6 does not require the submission of the NHJB-2055-DFS motion and affidavit by an individual seeking the return of seized evidence once ownership of the property in question has been established. *See* RSA 595-A:6. If the legislature wanted to require the submission of an NHJB-2055-DFS motion and affidavit by every movant seeking the return of a firearm under RSA 595-A:6, it could do so as it did in RSA 173-B:5, X (Supp. 2009). *See Dodds*, 159 N.H. at 244 ("We will neither consider what the legislature might have said nor add words that it did not see fit to include."). Unlike RSA 595-A:6, RSA 173-B:5, X requires a motion and hearing upon the expiration of a domestic violence protective order to specifically determine whether the movant is disqualified by state or federal law from possessing the firearm. RSA 173-B:5, X.

*II. Good Cause*

The court may withhold property that is not contraband upon a showing of good cause. RSA 595-A:6. The State argues that "it was within the court's discretion to require a background check to determine whether the pistol was contraband" and the "defendant's failure to comply with the court's request left open the possibility that the pistol was contraband," providing "good cause to deny the motion." While the firearm may be

contraband if the defendant is indeed prohibited from possessing it, the State has not produced any evidence to prove that fact. The State's speculation that the defendant might be disqualified from possessing a firearm by federal or state law is not evidence; therefore, it cannot support a finding of good cause. *See State v. White*, 159 N.H. 76, 80 (2009) (noting that State's arguments are not evidence).

■ Furthermore, neither the State nor the trial court can impose requirements beyond those contained in RSA 595-A:6, and then consider the defendant's refusal to comply with them to be good cause to withhold the seized item. *Cf. United States v. Fuentes*, 105 F.3d 487, 490 (9th Cir. 1997) (holding that "[m]ere refusal to consent to a stop or search does not give rise to reasonable suspicion or probable cause. People do not have to voluntarily give up their privacy or freedom of movement, on pain of justifying forcible deprivation of those same liberties if they refuse.").

■ Here, the trial court found good cause based upon the defendant's failure to submit to the background check, without any showing beyond mere speculation by the State that he was legally disqualified from possessing the firearm. This was error. The trial court, however, did not have the benefit of the ruling we announce today — that the State bears the burden of proof as to whether an item is contraband under RSA 595-A:6. Accordingly, we vacate the order denying the defendant's motion for return of his firearm and remand for further proceedings consistent with this opinion.

*Vacated and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and CONBOY, JJ., concurred.