NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-northern judicial district
No. 2014-566


THE STATE OF NEW HAMPSHIRE

v.

CHRISTOPHER KEAN

Argued: June 4, 2015
Opinion Issued: August 7, 2015


Joseph A. Foster, attorney general (Elizabeth C. Woodcock, assistant attorney general, on the brief and orally), for the State.


The Law Offices of Martin & Hipple, PLLC, of Concord (Seth J. Hipple on the brief and orally), for the defendant.


HICKS, J. The defendant, Christopher Kean, appeals an order of the Superior Court (Brown, J.) granting in part and denying in part his motion for return of property. See RSA 595-A:6 (2001). We vacate and remand.

The following facts are derived from the trial court's order or the record. On September 4, 2012, the defendant, while wearing an official but discontinued Manchester Police jacket, was observed by Manchester Police Officer Biron walking in front of a Manchester Police Department substation. Although the jacket had been discontinued in 1999, it bore a current

Manchester Police Department patch. Biron stopped the defendant, concerned that a passerby might mistake him for a police officer. The defendant stated that an attorney had confirmed that it was legal for him to wear the jacket, but Biron told him that continued wearing of the jacket would likely subject him to arrest for impersonating a police officer. Biron did not arrest the defendant at that time. The next day, the defendant, wearing the same jacket, was again observed walking past the Manchester Police Department substation, this time by Manchester Police Officer McKenney. Aware of the prior encounter between the defendant and Biron, McKenney placed the defendant under arrest for impersonating a police officer.

On August 15, 2013, the defendant was indicted for impersonating a police officer, see RSA 104:28-a (2009) (false personation), and the case against him proceeded to trial the following May. At trial, the case was dismissed, in part because of the State's inability to produce a material witness to the alleged crime. The defendant then moved for the return of the jacket. Following a hearing, the court found that the jacket, and implicitly the patch, were "at all times the property of the City of Manchester." However, the trial court ordered that the jacket be returned to the defendant, subject to the condition that the Manchester Police patch be removed from the jacket sleeve. The court found that forfeiture of the patch best served the public interest. This appeal followed.

The relevant statute, RSA 595-A:6, provides, in pertinent part:

> Upon application by a prosecutor, defendant, or civil claimants, the court, prior to trial or upon an appeal after trial, shall, upon notice to a defendant and hearing, and except for good cause shown, order returned to the rightful owners any stolen, embezzled or fraudulently obtained property, or any other property of evidential value, not constituting contraband . . . . All other property seized in execution of a search warrant or otherwise coming into the hands of the police shall be returned to the owner of the property, or shall be disposed of as the court or justice orders, which may include forfeiture and either sale or destruction as the public interest requires, in the discretion of the court or justice, and in accordance with due process of law.

RSA 595-A:6 (2001) (emphasis added). "We review the trial court's ruling on the disposition of property under RSA 595-A:6 for an unsustainable exercise of discretion." State v. Pessetto, 160 N.H. 813, 816 (2010) (quotation omitted).

A plain reading of RSA 595-A:6 reveals that without ownership, a party has no property to be returned, and thus no property to be forfeited. See Appeal of Local Gov't Ctr., 165 N.H. 790, 804 (2014) ("We first look to the

2

language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning."); see also State v. Gero, 152 N.H. 379, 382-83 (2005).  Therefore, the threshold issue is the rightful ownership of the jacket and the patch.

The defendant contends that the State has the burden of disproving his ownership, that the State did not meet its burden, and that the trial court, therefore, erred in finding that the defendant was not the rightful owner of the patch.  We have held that the State bears the burden as to whether an item is contraband under RSA 595-A:6, see Pessetto, 160 N.H. at 817, but we have not addressed which party bears the burden of proof as to ownership under RSA 595-A:6.

The trial court applied the burden of proof standard from United States v. Chambers, 192 F.3d 374 (3d Cir. 1999).  Under this standard:

> [T]he government is permitted to seize evidence for use in investigation and trial, but . . . such property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture . . . .  The burden shifts to the government when the criminal proceedings have terminated.  At that point, the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property.  The government may meet this burden by demonstrating a cognizable claim of ownership or right to possession adverse to that of the movant.

Id. at 376-77 (quotation and citations omitted).

Such a rebuttable presumption of ownership has been adopted by several federal circuit courts.  See United States v. Kaczynski, 416 F.3d 971, 974 (9th Cir. 2005); United States v. Clymore, 245 F.3d 1195, 1201 (10th Cir. 2001); United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001).  It has also been adopted by the Nebraska Supreme Court, see State v. Agee, 741 N.W.2d 161, 166 (Neb. 2007), and is consistent with the standard applied by the South Dakota Supreme Court.  See State v. Ell, 338 N.W.2d 845, 846 (S.D. 1983) (explaining that a defendant "need not come forward with additional evidence of ownership" when property is seized from him "unless there are serious reasons to doubt" his right to the property).  We find the reasoning of Chambers to be sound, and consequently adopt its burden of proof standard for cases arising under RSA 595-A:6.

Applying the Chambers standard, we hold that the trial court did not err in finding that the State adequately rebutted the presumption of defendant's ownership by demonstrating a "cognizable claim of ownership" of the jacket

3

and the patch by the City of Manchester. The trial court found that there was a Manchester Police Department policy in place that required items to be "turned in" upon discontinuation or upon the retirement of an officer. We disagree with the defendant that the trial court's finding is unsupported by the record. The trial court relied on Officer Biron's testimony given during the defendant's criminal trial. See Green v. United States, 90 F. Supp. 2d 229, 230 (E.D.N.Y. 2000) (explaining, with regard to the government meeting its burden of proof in a return of property hearing, that courts "may rely on the record developed in prior criminal proceedings against the claimant"). Biron testified that officers are to turn in their uniforms upon the garment's discontinuation or upon the officer's retirement. His testimony was not objected to at trial, and the defendant did not produce any contrary evidence at trial or at the hearing on the motion for return of property. Under these circumstances, we conclude that the trial court did not err in finding that the State had demonstrated ownership of the jacket and patch by the City of Manchester.

Having found that the jacket was owned by the City, however, the trial court erred in ordering that the jacket be returned to the defendant. RSA 595-A:6 provides that, absent a showing of good cause, such property be "returned to the rightful owners."

The trial court also found that "the patch is still current and identical to those worn by active duty police officers in the City of Manchester." The trial court then ordered forfeiture of the patch, which the court had implicitly found belonged to the City of Manchester. To the extent that the court may have ordered forfeiture to the State without first providing notice to the City of Manchester, it erred. Cf. 4 G. MacDonald, New Hampshire Practice: Wiebusch on New Hampshire Civil Practice and Procedure § 2.08, at 2-10 (4th ed. 2014) ("The adjudication of New Hampshire courts as to all property within the state is final and conclusive upon nonresidents as well as residents, upon such notice as the statutes of the state require." (quotation omitted)).

Accordingly, we vacate the trial court's order and remand for further proceedings consistent with this opinion.

Vacated and remanded.

DALIANIS, C.J., and CONBOY, LYNN, and BASSETT, JJ., concurred.

4