**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0373, <u>State of New Hampshire v. Dickens Etienne</u>, the court on August 10, 2015, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Dickens Etienne, appeals an order of the Superior Court (<u>Garfunkel</u>, J.) denying his motion for return of $9,800. <u>See</u> RSA 595-A:6 (2001). We affirm in part, vacate in part, and remand.

The trial court found the following facts. The defendant is currently serving a life sentence as a result of his 2004 conviction for the first degree murder of Larry Lemieux. He seeks the return of $9,800 that the police recovered from his apartment when they executed a warrant as part of a narcotics investigation. The police found the money inside a stuffed animal in the defendant's bedroom. The police also found a marijuana pipe, a duffel bag containing a flak vest, a bulletproof vest, a black ski mask, ammunition, ammunition magazines, an electronic scale, and other paraphernalia.

The defendant filed the instant motion for return of the $9,800 in 2012. Following a hearing at which the defendant testified, the trial court denied his motion, finding that the money constitutes "contraband" within the meaning of RSA 595-A:6. The court ordered the money to be "forfeited to the State to be used for law enforcement purposes as determined appropriate by the Attorney General." This appeal followed.

We first address whether the trial court erred when it denied the defendant's motion for return of property based upon its determination that the money constitutes contraband under RSA 595-A:6. RSA 595-A:6 "sets out the procedure for custody and disposition of items lawfully seized by a police officer." <u>State v. Brown</u>, 125 N.H. 346, 350 (1984). RSA 595-A:6 provides, in relevant part, that "[u]pon application by a prosecutor, defendant, or civil claimants, the court . . . shall, upon notice to a defendant and hearing, and except for good cause shown, order returned to the rightful owners any stolen, embezzled or fraudulently obtained property, or any other property of evidential value, not constituting contraband."

In <u>State v. Cohen</u>, 154 N.H. 89 (2006), we explained that an item constitutes contraband when it is unlawful to possess the item. <u>Cohen</u>, 154 N.H. at 91. Property may be contraband <u>per se</u>, derivative contraband, or both.

State v. Pessetto, 160 N.H. 813, 816 (2010).  Contraband per se is "property whose possession is unlawful regardless of how it is used."  Cohen, 154 N.H. at 92 (quotation and brackets omitted).  Derivative contraband is "property whose possession becomes unlawful when it is used in committing an illegal act," and includes "tools or instrumentalities that a wrongdoer has used in the commission of a crime."  Id. (quotations and brackets omitted).

"If the item is determined to be contraband, then the trial court has discretion to order forfeiture and dispose of the property as the public interest requires."  Pessetto, 160 N.H. at 817; see RSA 595-A:6.  "If the item is not contraband, the trial court must return the property unless the State provides good cause to withhold its return."  Pessetto, 160 N.H. at 817; see RSA 595-A:6.  The State bears the burden of proving, by a preponderance of the evidence, that an item constitutes contraband under RSA 595-A:6.  Pessetto, 160 N.H. at 817.

The trial court determined that the $9,800 constitutes either contraband per se or derivative contraband or both because it consists of proceeds from the defendant's illegal acts.  We review that determination for an unsustainable exercise of discretion.  See Cohen, 154 N.H. at 91.

The defendant first argues that there was insufficient admissible evidence to support the trial court's contraband determination.  We review sufficiency of the evidence claims as a matter of law, and uphold the findings and rulings of the trial court unless they are lacking in evidentiary support or tainted by error of law.  Knight v. Maher, 161 N.H. 742, 745 (2011).  When performing this review, we accord considerable weight to the trial court's judgments regarding the credibility of witnesses and the weight to be given testimony.  Id.

Based upon our review of the record submitted on appeal, we conclude that there was sufficient evidence to prove, by a preponderance of the evidence, that the money constituted the proceeds from the defendant's unlawful acts and, therefore, was either contraband per se or derivative contraband, or both.  The defendant wrote a letter to Cameo Jette in 2004 admitting that his income was derived from illegal acts.  In that letter, he told Jette:  "You knew what I did for a living . . . . I'm a drug dealer and do robberies on other drug deal [sic] out of state."  There is also evidence that, between 1995 and 2004, the defendant reported no earnings, despite having claimed to have worked in New Hampshire and Massachusetts.  Further, the police seized the money during a search that produced other items that support the defendant's admission that he dealt drugs and committed robberies.  Contrary to the defendant's assertions, the evidence described above was "competent evidence upon which the court's decision reasonably could have rested," and was sufficient to support the trial court's finding that the money was derived from his illegal acts.  Although the defendant testified that the money constituted legitimate

2

gambling winnings, the court found that he was not credible on this point, and we defer to that determination. See id. To the extent that the defendant argues that the State could not prevail upon its claim that the money constitutes contraband unless it proved the precise illegal source of the money, we are not persuaded, and conclude that his argument warrants no further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

The defendant next asserts that, even if the money constitutes contraband, it must be returned to him because the attorney general's office failed to bring a civil forfeiture action within sixty days of the seizure as required by RSA 318-B:17-b (Supp. 2014). Addressing this assertion requires us to engage in statutory interpretation. The interpretation of a statute is a question of law, which we review de novo. In re Toyota Avalon, 155 N.H. 720, 721 (2007). We are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. Id. We first examine the language of the statute, and, where possible, ascribe the plain and ordinary meanings to the words used. Id. When interpreting two or more statutes that deal with a similar subject matter, we construe them so that they do not contradict each other, and so that they will lead to reasonable results and effectuate the legislative purpose of the statutes. In the Matter of Aldrich & Gauthier, 156 N.H. 33, 35 (2007).

RSA 318-B:17-b governs petitions brought by the attorney general's office for forfeiture of items seized in connection with a drug offense. RSA 318-B:17-b provides, in pertinent part, that, within 60 days of the seizure of property, including money, the attorney general's office "shall . . . either file a petition in the superior court having jurisdiction under this section or seek administrative forfeiture pursuant to RSA 318-B:17-d," and that if no petition is filed or administrative procedure initiated within 60 days, "the items or property interest seized shall be released or returned to the owners." RSA 318-B:17-b, II(e).

The defendant argues that, because the attorney general's office did not initiate a forfeiture action under RSA 318-B:17-b within 60 days of the seizure in this case, the money must be returned to him. See id. His argument proceeds from the mistaken premise that he is the "owner" of the money. That money constitutes proceeds from his illegal activities and is unlawful for him to possess. See Cohen, 154 N.H. at 91-92.

The defendant next argues that the trial court erred when it forfeited "his" money to the State to be used for law enforcement purposes as determined by the attorney general. We need not address this argument because the defendant lacks standing to contest that decision. "[B]ecause standing is a question of subject matter jurisdiction, we may raise the issue of a party's standing sua sponte." Duncan v. State, 166 N.H. 630, 640 (2014).

3

To have standing to challenge the trial court's order that the money be forfeited to the State, the defendant must have a lawful possessory or ownership interest in the money.  See United States v. U.S. Currency, $81,000.00, 189 F.3d 28, 35 (1st Cir. 1999) (explaining that, generally, "an allegation of ownership and some evidence of ownership are together sufficient to establish standing to contest a civil forfeiture"); see also 36 Am. Jur. 2d Forfeitures and Penalties § 38, at 532 (2011) (claimant in forfeiture proceeding has burden of establishing standing and may satisfy that burden by alleging "an ownership interest, some type of lawful possessory interest, or a security interest" (footnote omitted)).  In light of our decision to uphold the trial court's finding that the $9,800 either is contraband per se or derivative contraband or both, the defendant lacks such an interest as a matter of law.  See Cohen, 154 N.H. at 92.  For the same reason, we reject the defendant's argument that the denial of his motion for return of property constituted "an unconstitutional taking."  Simply put, this money, because it is contraband, does not lawfully belong to the defendant.

Nevertheless, we vacate the trial court's order of forfeiture.  The only motion before the court was the defendant's motion to return property.  In the trial court, the State repeatedly asserted that the money should be returned to Jette, whom, the State contended, was its rightful owner.  Under these circumstances, it was error for the trial court to order forfeiture of the money without first affording Jette notice and an opportunity to assert a claim for the money.  Cf. 4 G. MacDonald, New Hampshire Practice:  Wiebusch on New Hampshire Civil Practice and Procedure § 2.08, at 2-10 (4th ed. 2014) ("The adjudication of New Hampshire courts as to all property within the state is final and conclusive upon nonresidents as well as residents, upon such notice as the statutes of the state require." (quotation omitted)); Continental Biomass Indus. v. Env't Mach. Co., 152 N.H. 325, 327-28 (2005) (explaining in rem and quasi in rem jurisdiction).  We express no opinion as to whether Jette's potential claim is, in fact, valid and whether the money is returnable to her.  We remand for further proceedings consistent with this order.

Although the defendant argues that the State's failure to call Jette as a witness deprived him of his state and federal constitutional rights to due process, we decline to address the merits of that argument because it is insufficiently developed for our review.  To support his argument, the defendant relies solely upon cases involving pretrial bail hearings.  See State v. Poulicakos, 131 N.H. 709, 710 (1989), superseded by statute as stated in State v. Tsopas, 166 N.H. 528 (2014); United States v. Acevedo-Ramos, 755 F.2d 203, 207-08 (1st Cir. 1985).  However, he has neither argued nor attempted to demonstrate that a defendant in a RSA 595-A:6 proceeding is entitled to the same due process protections as a pretrial detainee in a bail hearing.  See generally In re Eduardo L., 136 N.H. 678, 686 (1993) (explaining three-part due process inquiry and holding that "a defendant does not have a general due process right to meaningful cross-examination in a juvenile certification

hearing"). Under these circumstances, we decline to address his due process argument substantively.

We have reviewed the defendant's remaining arguments and conclude that they do not warrant further discussion. See Vogel, 137 N.H. at 322. Any argument that the defendant raised at oral argument, but did not brief, is deemed waived. See State v. Kelly, 159 N.H. 390, 394 (2009).

Affirmed in part; vacated in part; and remanded.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**
